Alexander vs. The Town of Oshkosh.

ALEXANDER vs. THE TOWN OF OSHKOSH.

(1) JURY: *Part of panel excused by judge.*
(2) EVIDENCE: *Error in excluding, when cured.*
(3–4) HIGHWAYS — TOWNS: *When town bound to repair highway on Sunday.*

1. Where, in impanelling the jury on the trial of a cause at the circuit, the clerk, by order of the court, omitted the names of the jurors drawn on the regular panel, for the reason that they had just been discharged from the jury-box in another case: *Held*, that the court might probably, at its discretion, direct such an omission, or that it was at least not an irregularity or error which either party could take advantage of in this court, after trial and judgment.
2. Where the jury found that plaintiff had no cause of action, an error in excluding evidence bearing merely on the *amount* of his damages, was immaterial.
3. Plaintiff was injured in attempting to drive a vehicle across a hole in a highway in the defendant town, about eleven o'clock A. M. of Sun-

day. There was evidence tending to show that the highway was in good condition until a late hour on Saturday evening, and that the hole was caused by a heavy rain or other cause during the night. It also appeared that teams could and did pass safely along the high-way on Sunday; that with the exercise of proper care the hole might be avoided by driving to either side of it; and that it was visible, and was in fact seen by plaintiff at a distance of several rods. The court charged the jury that if the hole was caused on Saturday evening or night, and the road was in good and sufficient condition prior to that time, the town *would not be obliged to repair the hole on the Sabbath day*. *Held*, that *in view of the facts of the case*, there was no error in this instruction.

4. All secular labor and business, and all works except works of necessity and charity, are prohibited by statute on Sunday (R. S., ch. 183); and town officers are not to be condemned for properly observing this en-actment.

5. If it appeared that the defect in a highway, created on Saturday night, was eminently *dangerous* to travelers, it might be the duty of the town officers, if they knew of its existence, to repair it on Sunday, or to adopt means to prevent accidents on that day, until repairs could be made. But this was not such a case.

APPEAL from the Circuit court for *Winnebago* County.

Action for injuries to the plaintiff's person alleged to have been caused by a defect in a highway of the defendant town. Defendant had a verdict and judgment; and plaintiff appealed. The case will sufficiently appear from the opinion.

*Hudd & Wigman*, for appellant:

1. Could the judge have excused all the panel, and substituted talesmen for the jury in this case? If twelve could be excused, all could be. The irregularity in excusing the twelve would have been ground for setting aside the verdict, if it had been in plaintiff's favor; and the same rule ought to prevail in plaintiff's behalf, where the verdict was in defendant's favor. 3 Chand., 214; 4 Wis., 67. 2. The evidence as to the value and profits of plaintiff's business, for which he was rendered unfit by the accident, should have been received. *City of Ripon v. Bittel*, 30 Wis., 614. 3. "When a defect in a highway, for an injury occasioned by which to persons or property the town

would be liable, is found to exist on the Lord's day, it is the duty of such town to cause the defect to be repaired immediately, or to adopt measures to guard against the danger until such repairs can be made." *Flagg v. Millbury*, 4 Cush., 243; 14 Allen, 475; 2 Hilt., 40; 50 Barb., 193; *Sutton v. Town of Wauwatosa*, 29 Wis., 21.

*Gabe Bouck*, for respondent:

1. If the defect was occasioned by the recent sudden action of natural causes, the town is not liable, unless, under the circumstances of the case, they ought to have repaired the defect before the time when the accident happened. *Hubbard v. City of Concord*, 35 N. H., 52; *Masters v. Town of Warren*, 27 Conn., 293; *Ward v. Jefferson*, 24 Wis., 342. 2. If the defect occurred on Saturday night, and the authorities had notice of it, were they bound to repair on Sunday? (1) The town is not liable for failing to do what the statutes have not conferred on them the power to do. No road tax is payable in cash until the tax-payer has had an opportunity to work it out. 1 Tay. Stats., 486, §§ 41–44. Could the proper officer compel the tax-payer to work on Sunday? (2) Whatever may be the duty of the town, where the defect in the road is such as to make it impossible to travel thereon without great and imminent danger, in a case like the present, where the injury might easily have been avoided, there was no obligation to labor on Sunday for the repair of the defect, in violation of the obligations of that day as one of rest, both by common law and statute. On the general question of the observance of Sunday as a day of rest, counsel cited Book of Exodus, ch. 20, vv. 8–11; 4 Black. Comm., 631; Dickinson's Quarter Sessions, 387; 1 East's P. C., ch. 1, § 33; *Rex v. Carlile*, 3 Barn. & Ald., 161; *Rex v. Atwood*, Cro. Jac., 421; *Rex v. Williams*, 26 Howell's State Trials, 654; *Rex v. Woolston*, Str., 834; *People v. Ruggles*, 8 Johns., 290; *Johnson v. Commonwealth*, 24 Pa. St., 386; *State v. Ambs*, 20 Miss., 211; *Shover v. State*, 5 Eng., 259; *Smith v. Wilcox*, 19 Barb., 581; 25 id., 341; *Story v. Elliot*, 8 Cow., 27;

*Palmer v. City of New York*, 2 Sandf., 318 ; *Watts v. Van Ness*, 1 Hill, 76 ; *Bissell v. Bissell*, 11 Barb., 96 ; *Vidal v. Girard's Ex'rs*, 2 How. (U. S.), 128 ; *Updegraph v. Commonwealth*, 11 S. & R., 394 ; and especially *Lindenmuller v. The People*, 33 Barb., 548, and authorities there cited.

COLE, J. In impaneling the jury on the trial, the clerk omitted, by order of the court, the names of the twelve jurors drawn on the regular panel, for the reason that they had just been discharged from the jury box in another case. No objection was taken on either side to this action of the court. It is now insisted that this method of obtaining the jury was such an irregularity that it vitiates the verdict rendered. This position we deem wholly untenable. There is no pretense that the jury drawn was not a fair and impartial one, and it would be a most unreasonable rule to hold that the court below, in the exercise of a proper discretion, could not excuse jurors or cause their names to be omitted, when perhaps they had just been discharged from a trial and were exhausted by confinement and the attention they had bestowed upon it. Courts must, from necessity, be allowed some discretion in matters of this kind ; otherwise it will be impossible for them to transact their business. We do not think there was any error in the practice adopted by the circuit court for obtaining a jury ; certainly nothing which either party can be permitted to take advantage of in this court after trial and judgment.

An exception was taken to the ruling of the court below in not allowing the plaintiff to prove the loss to his business in consequence of the injury he had received, and what that business was worth per annum. It is said that this evidence was proper to show the amount of damages the plaintiff had sustained. Concede that this view is correct, and yet it is obvious that the error becomes wholly immaterial when we consider the result arrived at by the jury. For the jury found no cause of action, and that the plaintiff was not entitled to recover any

Alexander vs. The Town of Oshkosh.

damages. So this ruling, even if erroneous, could not have worked any injury to the plaintiff in view of the verdict. The other exceptions taken to the exclusion of evidence were not seriously relied on in the argument, and may be considered as practically abandoned.

Considerable criticism was made by the counsel for the plaintiff, upon certain portions of the charge of the court, although it is conceded that only one exception was taken to it on the trial, which was to the concluding paragraph in regard to the duty of the town authorities to repair the defect in the highway on the sabbath day. It is, therefore, apparent that no question arises or can properly be considered, except as to the correctness of that part of the charge. The other portions of the charge criticised, are not before us for review, because not excepted to on the trial.

For the better understanding of the charge which was excepted to, it may be proper to remark that the plaintiff was injured about 11 o'clock A. M., on Sunday, the 21st of May, 1871, while traveling on the highway leading from Neenah to the city of Oshkosh. The plaintiff was with three other persons in a carriage, drawn by a span of horses, when they came to a hole in the highway near a bridge which had been built across a narrow ravine which extends back from Lake Winnebago at that point. It appeared from the testimony that this hole was on the Neenah side of the bridge — was on the right side of the highway as the plaintiff was traveling, and was two feet wide or more, and about two feet deep. The plaintiff and his party saw this hole when several rods distant, and testified that they drove very slow to get through it; that when the right fore wheel went into it the horses jumped, and when the hind wheel went in, it knocked the tongue about so that the neck yoke broke — the horses commenced to run, and the whiffletree broke — the carriage was thrown over, and the plaintiff was thrown out from the same, and received great bodily injuries. Evidence was introduced on the part of the defense,

which tended to show that the highway was in a good condition on Saturday afternoon, the day before the one on which the accident happened; that teams passed along there without difficulty after dark on that day; that it rained hard Saturday night, and that the hole might have been caused by muskrats burrowing under the bridge and under the highway at that place. It also appeared that teams could and did pass safely along the highway on Sunday, and that with the exercise of proper care this hole in the road might be avoided by turning the horses either to the right or left. The court, among other things, instructed the jury that unless a reasonable time had elapsed between the time the hole was made, by the action of the elements or other cause, and the time when the accident happened, for the town authorities to repair the defect, then the town would not be liable, though the plaintiff and those with him were in the exercise of proper care; and that they were to determine from the evidence, when the hole was made. And finally the court concluded by directing the jury that if they should be satisfied from the evidence that this hole was caused on Saturday evening, or Saturday night, and that the road was in good and sufficient condition prior to that time, then the town authorities would not be obliged to repair the hole on the sabbath day. And this is the portion of the charge which was excepted to, and which the counsel for the plaintiff now insists should reverse the judgment.

When considered in reference to the evidence offered upon the trial on the part of the defendant, and to which the instruction was manifestly intended to apply, we think it was correct. It will be borne in mind that this highway was in the country, where teams were only occasionally passing on Sunday; and on the supposition that the defect was caused by the rain Saturday night, or by muskrats burrowing under the highway in consequence of the high water that night, or by both these causes combined, the defect surely was not of that dangerous character which required the town authorities, even if they

were aware of its existence, to turn out and repair it on the sabbath day. To affirm the contrary and sustain the position for which the counsel for the plaintiff contends, would be laying down an unreasonable rule. This court has had frequent occasion to enforce the duty of town authorities to keep their highways and bridges in sufficient repair for the safe passage of the public, and we have no disposition to relax the rules of law laid down upon that subject. And we have held (*Sutton v. Wauwatosa*, 29 Wis., 21), where the town authorities were negligent in this respect, and failed to keep their highways and bridges in a safe and good condition, and a traveler was injured in person or property in consequence of a defect, that the town was liable, and that it was no sufficient excuse for the town that the party injured was violating the law by traveling upon the sabbath day. All secular labor and business, and all work except only works of necessity and charity, are prohibited by statute on Sunday (ch. 183, R. S.); and town officers are not to be condemned for properly observing this enactment. If it appeared that the defect in the present case was one eminently dangerous to the lives and limbs of travelers, it might perhaps be the duty of the officers of the town, if they knew of its existence, to adopt means to prevent accidents until repairs could be made; and this they might be obliged to do on Sunday, where the defect was occasioned on the previous night. But such was not the nature and character of the defect we are considering. It was not one which, with the exercise of care on the part of the traveler, was so dangerous as to make it the imperative duty of the town authorities to repair it on Sunday, " or to adopt measures to guard against the danger until such repairs can be made. " The hole was an open, obvious, visible defect. The plaintiff saw it several rods off, and needed no guard or finger board to admonish him that care and caution should be exercised in driving over it. It was not in any sense " a dangerous chasm," known to exist and suffered to remain in a public highway unguarded,

for the purpose of catching " the Sunday traveler in a new gulf of perdition," as described by plaintiff's counsel. If it had been such a dangerous hole in the highway, and known by the officers of the town to exist, it would have been a legal as well as a religious and social duty on their part, to repair it on Sunday, or at all events to take some means to prevent persons from falling into it. The instruction of the court must, of course, be considered with reference to the facts of this case, and not in connection with some imaginary case which the ingenuity or fancy of counsel may picture. And when regarded with reference to the facts it was intended to apply to, we think it was a correct and proper instruction.

*By the Court.* — The judgment of the circuit court is affirmed.