BLOOR, Respondent, vs. THE TOWN OF DELAFIELD, Appellant.

*September 3 — September 20, 1887.*

APPEAL, *error in instruction:* EVIDENCE: HIGHWAY, *notice of defect:* NEGLIGENCE.

1. The giving of an instruction, in an action against a town for an injury caused by the plaintiff's horse becoming frightened at a mortar-box in the highway near the track, that such box constituted a defect in the highway if it " was naturally calculated or reasonably calculated to frighten horses," and refusing defendant's request to add the qualifying words " of ordinary gentleness," is not error, where the evidence conclusively shows that plaintiff's horse was entirely reliable and gentle, and was frightened by such box.

| 69 | 273 |
|----|-----|
| 70 | 8 |
| 70 | 9 |
| 69 | 273 |
| 74 | 553 |
| 69 | 273 |
| 78 | 70 |
| 69 | 273 |
| 85 | 596 |
| 69 | 273 |
| 87 | 233 |
| 87 | 642 |
| 69 | 273 |
| 92 | 129 |
| 69 | 273 |
| 105 | 151 |

2. In an action against a town for injuries caused to plaintiff while traveling on a highway at about 9 o'clock P. M., by his horse becoming frightened at a mortar-box lying near the track; evidence is not admissible for defendant to show that numerous horses had been driven past the box in the day-time without becoming frightened.

3. Proof that a mortar-box was deposited in a highway near the track on Saturday afternoon, and that the overseer of that highway district had notice of that fact on Sunday morning, *held* to show sufficient notice to the town to charge it with liability for an injury to a person traveling on such highway at about 9 o'clock on Sunday evening, caused by his horse becoming frightened at such box.

4. Though a slight want of ordinary care on the part of one who has sustained injury through the negligence of another, contributing to produce the injury, will defeat his action therefor, yet mere slight negligence will not have that effect.

APPEAL from the Circuit Court for *Waukesha* County. This action was brought to recover damages for injuries to the plaintiff, his wife, and property, alleged to have been caused by a defect in a highway in the defendant town. The alleged defect was a box for running off mortar, standing on the side of the highway, which frightened the horse of the plaintiff as he was being driven past it in the dusk of the evening, causing him to turn around and upset the buggy to which he was hitched, and in which the plaintiff and his wife were riding, thus causing the injuries complained of. The box was about eight feet long, three feet wide, and one foot deep, and was white with lime, having been in use three or four years. It was deposited on the side of the highway on a certain Saturday evening in June, for one Blair, who intended to remove it to another point, away from the highway, and to use it in the erection of a building at that point. The testimony tends to show that on the same Saturday evening Mr. Blair knew the box had been so left for him, and it was proved that he knew it was there, and saw it the next morning. He left it lying upon the side of the road, although he removed it a little further

from the traveled track. The accident happened on the same Sunday, between 8 and 9 o'clock in the evening. Mr. Blair was the overseer of the road-district, which included the highway upon which the box was left.

The rulings of the court on the trial and the testimony are sufficiently stated in the opinion. The jury found for the plaintiff, and assessed his damages at $114. A motion on behalf of defendant to set aside the verdict, and for a new trial, was denied, and judgment for the plaintiff entered pursuant to the verdict. The defendant appeals from the judgment. ·

*Edwin Hurlbut*, for the appellant, contended that the mortar-box was not such a dangerous object as to constitute a defect in the highway. *Alexander v. Oshkosh*, 33 Wis. 283. To constitute a defect, the object must have been calculated to frighten horses " of ordinary gentleness," and that qualification ought to have been added to the instruc· tion. *Foshay v. Glen Haven*, 25 Wis. 288; *Morse v. Richmond*, 42 Vt. 539; *Dimmock v. Suffield*, 30 Conn. 129; *Bartlett v. Hookset*, 48 N. H. 18. Proof of notice on Sunday morning is not sufficient to charge the town with negligence for not removing the box during that day. *Bailey v. Spring Lake*, 61 Wis. 230. Slight contributory negligence on the part of the plaintiff would defeat his action. *Potter v. C. & N. W. R. Co.* 21 Wis. 372; *Cunningham v. Lyness*, 22 id. 245; *Randall v. N. W. Tel. Co.* 54 id. 140; *Wilds v. Hudson River R. Co.* 24 N. Y. 432; *Achtenhagen v. Watertown*, 18 Wis. 331; *Nicks v. Marshall*, 24 id. 139; *Cuthbert v. Appleton*, id. 383. Evidence that many horses had been driven past the box without being frightened was admissible, as tending to show that it was not calculated to frighten horses.

*M. S. Griswold* and *E. W. Chafin*, for the respondent, to the point that evidence as to other horses having passed in safety was inadmissible, cited *Collins v. Dorchester*, 6 Cush.

396; *Aldrich v. Pelham*, 1 Gray, 510; *Schoonmaker v. Wilbraham*, 110 Mass. 134; *Hubbard v. Concord*, 35 N. H. 52, 59; *Hubbard v. And. & K. R. Co.* 39 Me. 506; *Martinez v. Planel*, 36 Cal. 578; *Early v. L. S. & M. S. R. Co.* 33 N. W. Rep. (Mich.) 873. To the point that prompt action in removing dangerous objects from highways was required of town authorities, they cited *Parish v. Eden*, 62 Wis. 272; *Jaquish v. Ithaca*, 36 id. 108; *Sutton v. Wauwatosa*, 29 id. 21. As to the effect of slight contributory negligence, they cited *Cremer v. Portland*, 36 Wis. 92, 100; *Griffin v. Willow*, 43 id. 509, 512; *Ditberner v. C., M. & St. P. R. Co.* 47 id. 138, 144; *Krueger v. Bronson*, 45 id. 198.

LYON, J. The recovery in this action was confined to the items of loss of services of plaintiff's wife, and medical attendance upon her, and for damages to the buggy and harness. The plaintiff testified that he received quite severe and lasting injuries by being thrown from his buggy; yet the jury failed to award him any damages therefor, and evidently assessed his damages at the lowest sum the testimony would justify. We may be permitted to express a double surprise at the developments in this record. We are surprised that the town should appeal from so moderate a judgment, and thus take the risk, should it be reversed, of the recovery of a much larger judgment against it on another trial. On the other hand, we are surprised that, when the motion for a new trial was made, the plaintiff did not consent that it might be granted. But the town is here asking for a reversal of the judgment, while the plaintiff seeks an affirmance. We must therefore consider the errors assigned, or at least such as are relied upon by the appellant town.

1. It is maintained that the town had no sufficient notice that the mortar-box was left in the limits of the highway, to charge it with the duty of removing it before the acci-

dent happened, and hence that the defendant's motion for a nonsuit should have been granted. The jury had a right to find from the testimony that Mr. Blair, the overseer of that highway, had notice, on Saturday night, that the box was there. He certainly had such notice the next morning. Notice to him was notice to the town. If the box was liable to frighten horses passing it, either by day or in the nighttime, especially those of ordinary gentleness, he should have caused its removal at once. The intervention of a Sunday did not suspend this duty, for the personal safety of travelers on the highway was endangered by its non-performance. The accident occurred between 8 and 9 o'clock on Sunday evening, the day after the box was so left there. After the overseer knew it was there, he had ample time in which to remove it, before the plaintiff's horse was frightened by it.

The circuit judge held that sufficient notice to the town of the alleged defect in the highway was proved. We think the ruling correct, and that the motion for a nonsuit was properly denied. There is nothing in *Alexander v. Oshkosh,* 33 Wis. 283, or in *Bailey v. Spring Lake,* 61 Wis. 230, in conflict with what is here said. The ruling of the judge on this subject is sustained by the cases of *Jaquish v. Ithaca,* 36 Wis. 108, and *Parish v. Eden,* 62 Wis. 272.

2. Testimony was offered on behalf of the defendant town to show that numerous horses were driven past the mortar-box on the Sunday it stood there, without becoming frightened. An objection thereto was sustained. Counsel for the plaintiff cite several adjudged cases, wherein it is held that such testimony is inadmissible. No case is cited which holds to the contrary. To hold such testimony admissible would be to open the door to numerous and perplexing side issues, which is always to be avoided. For example, should the testimony be received, it would be competent for the plaintiff to show that each of those horses was blind, or was driven past the box with extraordinary

care; should the plaintiff be able to prove that other horses were frightened by the box, the defendant might show that each of such horses was skittish, or carelessly driven. Thus several issues might be raised, not raised by the pleadings, and which, presumably, neither party would be prepared to try. The approved rules of evidence are framed to avoid such a contingency. Furthermore, the fact that other horses were driven past the box in broad daylight, without being frightened by it, fails to show that even quiet, gentle horses might not be so frightened, if driven past it in the dusk of the evening, when it might appear distorted and unnatural. We conclude that the offered testimony was properly rejected.

3. The circuit judge refused to give the jury an instruction, asked on behalf of the town, to the effect that, unless the mortar-box was an object naturally calculated to frighten horses of *ordinary gentleness*, it did not constitute a defect in the highway, and plaintiff could not recover. He instructed them, however, that, if the box was naturally calculated, or reasonably calculated, to frighten horses (always omitting the qualifying words " of ordinary gentleness "), it constituted a defect in the highway. The instruction asked and refused is in strict accordance with the rule laid down in *Foshay v. Glen Haven*, 25 Wis. 288, and might very properly have been given. However, that case does not hold that the rule must always, and in all cases to which it is applicable, be given in the very words in which it is there stated. Cases may arise, probably have arisen, in which it might be error to omit from the statement of the rule the words, " of ordinary gentleness." For example, if the horse, whose fright caused the mischief complained of, was skittish and unreliable, probably the rule should be fully stated as in *Foshay v. Glen Haven*. In the present case it is conclusively proved that the plaintiff's horse was entirely gentle and reliable. It is also conclusively proved

that he was frightened by the box. Now, it seems quite obvious that, when such a horse was actually so frightened, if the object which caused the fright was one naturally or reasonably calculated to frighten horses, the requirements of the rule are fulfilled, and the object is such a defect of the highway as may render the town liable for damages caused thereby. Hence, considering the instructions given in connection with the undisputed facts, we conclude that it was not error to omit from a statement of the rule the qualifying words above quoted.

4. The court refused to instruct the jury, as requested by the defendant, that if the plaintiff was guilty of slight negligence, which contributed to the injuries of which he complains, he could not recover. Such is not the law. A slight want of ordinary care on the part of the plaintiff, contributing proximately to cause the injury, will defeat the action, while only slight contributory negligence on his part will not. Counsel for the defendant rely on some language of Mr. Justice Downer in *Potter v. C. & N. W. R. Co.* 21 Wis. 372, which was repeated in *Cunningham v. Lyness*, 22 Wis. 245, as sustaining the proposed instruction. The language there employed certainly gives color to the position of counsel, but it was pronounced inaccurate, and corrected by the present chief justice in *Ward v. M. & St. P. R. Co.* 29 Wis. 144, where the true rule is stated as above. This court has constantly adhered to the rule as thus laid down.

5. The testimony was sufficient to send the question of plaintiff's contributory negligence to the jury, and the judge gave them the law on that subject correctly.

This disposes of all the alleged errors relied upon to reverse the judgment, which require special notice. We think none of them are well assigned.

Our judgment herein is not intended to discredit or affect the authority of those cases which hold that all proper

appliances for improving a highway, or used in the erection or repair of buildings, or in making other improvements, contiguous to the highway, may, if necessary, and with the consent of the proper authorities, lawfully be placed in the highway, and left therein a reasonable time, provided a suitable track or passage-way for the use of travelers thereon remain unobstructed. This is not such a case.

*By the Court.*— The judgment of the circuit court is affirmed.