PHILLIPS and wife, Respondents, vs. THE TOWN OF WILLOW, Appellant.

*October 18 — November 1, 1887.*

*Highways: Injuries from defect: Evidence of other accidents.*

The question being whether a stone which caused the overturning of plaintiff's cutter was in the traveled track of the highway and constituted a defect therein, evidence that similar accidents had happened at about the same time to other persons who drove against the stone, is inadmissible.

APPEAL from the Circuit Court for *Richland* County. The facts are sufficiently stated in the opinion. The plaintiffs had a verdict in the circuit court, and from the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Miner & Berryman*, attorneys, and *Pinney & Sanborn*, of counsel, and oral argument by *Mr. Pinney* and *Mr. Berryman*. To the point that evidence of other accidents was inadmissible, they cited, besides authorities referred to in the opinion, *Blair v. Pelham*, 118 Mass. 420; *Whitney v. Gross*, 140 id. 232; *Ogle v. Brooks*, 87 Ind. 600; *Gibbons v. Wis. Valley R. Co.* 58 Wis. 335.

For the respondents there was a brief by *Black & Burnham*, and oral argument by *Mr. Black*. They cited, besides cases cited in the opinion, *Willey v. Portsmouth*, 35 N. H. 303; *Hill v. P. & R. R. Co.* 55 Me. 438; *Gibbons v. Wis. Valley R. Co.* 58 Wis. 335; *Randall v. N. W. Tel. Co.* 54 id. 140.

Cole, C. J. This is an action to recover damages for injuries sustained by the female plaintiff while passing along a public highway in the defendant town. She and her husband were riding in a cutter, which was overturned by the runner striking or going over a stone. It was claimed that this stone was in or very near the traveled track of the highway, and constituted a defect or dangerous obstruction thereof. On the part of the plaintiffs, witnesses were allowed to testify, against the objection of the defendant, that, near the time the accident occurred, they drove along the highway,— in one case with a wagon, and struck the stone in question and came near tipping over; in the other case the witness was in a cutter, and ran against the stone and was tipped over. It is claimed by the defendant's counsel that this testimony as to what happened to others

in driving against the alleged defect was inadmissible and was calculated to prejudice the town, and for this reason a new trial should be awarded. We think this position is sound and must prevail. Upon principle, and by the better rule of law, we consider the evidence inadmissible.

The question is not entirely new in this court. In *Bloor v. Delafield*, 69 Wis. 273, a kindred question was presented and considered. That was also an action for injuries caused to the plaintiff by being thrown from his buggy, his horse being frightened by a mortar box in the highway while he was driving past it in the evening. Testimony was offered on the part of the town that many horses were driven past the mortar box the day it was within the limits of the highway without being frightened. This testimony was objected to and excluded. This court approved the ruling of the trial court, and held the testimony inadmissible. Mr. Justice LYON, in the opinion, says to hold such testimony admissible would be to open the door to numerous and perplexing side issues, which is always to be avoided. Issues would be made, not raised by the pleadings, and which presumably neither party would be prepared to try.

It must be admitted that the cases are not in accord upon this question. In some it is held that the evidence of other accidents, or of the effect on carriages driven by other persons than the plaintiff over the same road, is competent, because it has a tendency to show its fitness or unfitness for public travel *(Kent v. Lincoln*, 32 Vt. 591; *Quinlan v. Utica*, 11 Hun, 217); or tends to prove that the object was or was not naturally calculated to frighten horses *(Darling v. Westmoreland*, 52 N. H. 401; *House v. Metcalf*, 27 Conn. 632); or to show knowledge on the part of the city that a bridge was not properly lighted so as to be safe to persons crossing it *(Chicago v. Powers*, 42 Ill. 169); or to show the result of experience or experimental knowledge of the pos-

sibility of the negligent act relied on as causing the injury (*Piggot v. E. C. R. Co.* 3 C. B. 229, and *Morse v. M. & St. L. R. Co.* 30 Minn. 465).

Other courts have held, as this court did in the *Bloor Case*, that all evidence as to collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, should be excluded, because such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice, and mislead them; and, moreover, because the adverse party, having had no notice of such a course of examination, is not presumably prepared to meet it. 1 Greenl. Ev. § 52; *Collins v. Dorchester*, 6 Cush. 396; *Parker v. Portland Pub. Co.* 69 Me. 173; *Hudson v. C. & N. W. R. Co.* 59 Iowa, 581; *Bell v. C., B. & Q. R. Co.* 64 Iowa, 322,— and the authorities referred to in these opinions.

The evidence in this case was not offered for the purpose of showing notice to the town of the defect, but to prove that the stone constituted a defect and was in the traveled part of the highway. This was the plain object of the testimony; proving from the experience of others who had passed with a wagon or cutter along the highway that accidents had happened to them by driving against the stone. It is apparent that if this testimony was relevant to prove a defect, as was said in the *Bloor Case*, it would have been competent to show that these persons were not driving carefully, or had skittish teams; also that hundreds had passed over this highway in safety with carriages, notwithstanding the alleged defect. So, issue after issue would be raised, and facts collateral to the issue made by the pleadings would multiply; the main issue forming new ones, and the suit itself expanding like the banyan tree of India, whose branches drop shoots to the ground which take root and form new stocks till the tree itself covers great space by its circumference. We think it a much safer rule to confine

the evidence to the issue or real fact put in controversy by the pleadings, excluding all evidence which relates to collateral matters.

The matter in issue here was whether the highway was defective, and did such defect cause the injury to the female plaintiff while driving along the highway with proper care. The witnesses could describe the stone, its size and relation to the traveled track, and leave to the jury the question whether it amounted to a defect or was of a dangerous character to travelers. This is not a case appropriate for giving the results of experience, nor to inquire as to who have met, or who have avoided, accidents at the *locus in quo*. Those are irrelevant matters, not pertinent to the issue, and should not be gone into.

Without considering the other questions discussed by counsel, we grant a new trial for the error in admitting the evidence mentioned.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

See note to this case in 34 N. W. Rep. 731.— REP.

