Richards vs. The City of Oshkosh.

RICHARDS, Respondent, vs. THE CITY OF OSHKOSH, Appellant.

*January 14 — February 2, 1892.*

*Municipal corporations: Icy sidewalk: Personal injuries: Contributory negligence: Court and jury: Evidence: Notice of defect: Special verdict.*

1. The plaintiff was injured by falling upon an icy sidewalk. She testified that she did not notice the ice on the walk until she got upon

Richards vs. The City of Oshkosh.

it; that she then hesitated whether to go back or go on, but thought that, as she had on new rubbers, it would be all right to go on; that the walk was "sidling," and looked as though it had been cleaned and then saturated with water; that the water had run over it and left it perfectly icy, so that it was smooth. *Held*, that the question of contributory negligence was for the jury.

2. Testimony of witnesses other than the plaintiff that, at about the time of the accident, they had fallen at the same place, was incompetent although elicited by questions as to what had called their attention to the slope of the sidewalk.

3. A question for a special verdict, as to whether a defect in a sidewalk had existed for such length of time that the city authorities were chargeable with notice of it, should be framed with reference to the provisions of the city charter on that subject.

APPEAL from the Circuit Court for *Winnebago* County.

This action is to recover damages sustained by the plaintiff while traveling upon the sidewalk described in the defendant city, January 31, 1890, by reason of the negligence of the defendant in allowing such sidewalk to become defective and unsafe. The answer is, in effect, a general denial. At the close of the trial the jury returned a special verdict to the effect (1) that the plaintiff was not guilty of any want of ordinary care and prudence that contributed to the injury; (2) that the defendant was guilty of negligence that caused the injury to the plaintiff; (3) that such negligence consisted in allowing the sidewalk to remain in a sloping condition, and snow and ice to accumulate and remain thereon; (4) that such negligence or defect had existed for such a length of time that the city authorities ought to have known thereof; (5) that they assessed the plaintiff's damages at $1,500. The court thereupon ordered judgment in favor of the plaintiff and against the defendant for the amount of such damages and costs. From the judgment entered accordingly the defendant appeals.

For the appellant there was a brief by *H. I. Weed*, and oral argument by *M. H. Eaton*.

For the respondent there was a brief by *Bouck & Hilton*. and oral argument by *Gabe Bouck*.

CASSODAY, J. 1. Error is assigned because the court refused to grant a nonsuit on the ground of the plaintiff's contributory negligence. The accident occurred January 31, 1890, at about five o'clock P. M. The plaintiff was at the time sixty-three years of age, and testified, in effect, that she did not notice the ice on the walk at the place in question until she got onto it a little way; that she then said to her companion that it was a pity that they had not gone upon the other side of the street, since it was so icy there; that she then hesitated whether she should go back or go on; that she concluded that, as she had on new rubbers, she thought it would be all right, and so might as well go on; that she thinks it would have been all right had it not been sidling; that there was ice and snow on the walk, and that it looked as though it had been cleaned and then saturated with water; that the water had run over it and left it perfectly icy, so that it was smooth. Within the repeated adjudications of this court, the trial judge was justified in refusing to grant the nonsuit, and in submitting the question of the plaintiff's contributory negligence to the jury. *Kenworthy v. Ironton*, 41 Wis. 647; *Morton v. Smith*, 48 Wis. 265; *Stilling v. Thorp*, 54 Wis. 528; *Hill v. Fond du Lac*, 56 Wis. 242; *Schroth v. Prescott*, 63 Wis. 652.

2. Two witnesses on the part of the plaintiff testified as to the condition of the portion of the walk in question about the time of the accident. Thereupon the plaintiff's counsel asked them, respectively, what caused them to examine it, and what called their attention to the slope or slant in the walk. Each of the witnesses answered to the effect that it was because he had fallen at the same place. The counsel for the defendant objected to such testimony as incompetent, and moved to strike out the same. Exception is taken because the court refused such motions and allowed such testimony to remain in the case. The rule seems to be well settled " that the fact that other persons than the plaintiff got hurt at a particular place does not

tend to prove that the defect was of such a dangerous
character as to make it negligence on the part of the mu-
nicipal officers not to take measures to remedy it, nor can
a collateral issue be so framed as to require an investiga-
tion in detail of why or how such persons were injured."
Elliott, Roads & S. 647. This proposition is sustained,
among other cases, by *Collins v. Dorchester*, 6 Cush. 396,
*Dubois v. Kingston*, 102 N. Y. 219.

The evidence was repugnant to the well-established rule
which excludes all evidence of collateral facts. 1 Greenl.
Ev. §§ 52, 448. For the purpose of showing notice of a de-
fect in a highway on the part of the authorities, evidence
of previous accidents at the same place similar to the one
complained of may be admissible, but, even in that case,
such evidence should be limited strictly to the question of
notice. Elliott, Roads & S. 463, 646. But here it was not
so restricted, nor was it admitted for such a purpose, and
hence should have been stricken out. The mere fact that
it was got into the case in the manner indicated did not
make it relevant, nor give it a rightful place in the record.

3. The charter of the city provides, in effect, that the
city should not be liable for damages arising or growing
out of any defective or dangerous condition of such side-
walk, unless it should be shown that one of the aldermen
of the ward in which the accident happened had actual
knowledge of such defective condition, or unless the same
had existed for at least three weeks before the injury, and
then that such knowledge should not be presumed from
the mere expiration of such three weeks. Sec. 28, subch.
9, ch. 123, Laws of 1877. The fourth question submitted
to the jury, standing alone, left it to them to say whether
the defect had, at the time of the injury, existed for such
a length of time that the city authorities ought to have
known thereof, regardless of whether such three weeks had
or had not expired. Error is assigned for thus submitting

that question. The charge, however, undertook to make it plain, and it may be that it did so, but upon a retrial it would be well to modify the question so as to be more in conformity to the peculiar provisions of the charter.

For the error in the admission of evidence mentioned, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.