BARRETT, Respondent, vs. THE VILLAGE OF HAMMOND, Appellant.

*April 14 — May 1, 1894.*

*Municipal corporations: Injury from defective sidewalk: Notice of injury: Place: Variance: Villages: What claims to be audited: Notice of defect: Evidence.*

1. The notice to a village of an injury from a defective sidewalk described the place of injury as about twenty-five feet north of a certain store, but the complaint in an action for such injury described the place as about ten feet north of the northwest corner of the store building. *Held*, not a fatal variance.

2. A claim against a village for personal injuries is not an account or demand which, under sec. 893, R. S., must be presented for audit and allowance by the village board.

3. A petition to a village board for the building of a sidewalk seven feet wide in place of one four feet wide, was not admissible in evidence to show that the village authorities had notice of defects existing six months later in the old walk.

4. In an action for personal injuries caused by a defective sidewalk, evidence of prior similar accidents on the walk, near the place in question, is not admissible.

5. Where the municipal authorities knew that the whole or a particular section of a sidewalk was old, rotten, and unsafe, the fact that the particular plank which caused an accident was not known to be loose will not enable the municipality to escape liability on the ground that such defect was latent.

6. For the purpose of showing constructive notice to a municipality of a defect in a sidewalk, other defects therein in the vicinity, or the general bad condition of the walk, may be shown, if the general condition of the portion as to which such evidence is admitted is substantially the same as that of the walk at the place in question.

APPEAL from the Circuit Court for *St. Croix* County.

This action was commenced August 25, 1891, and the complaint alleges, in effect, that December 24, 1890, the sidewalk on the east side of Main street in the defendant village, at a point about ten feet north of the northwest corner of a certain building then occupied by John McGovern as a general store, was constructed of stringers laid upon the ground, and plank about two inches thick, eight inches wide, and four feet long, laid crosswise on said stringers; that said stringers were so placed that the edge of the plank projected about ten inches further into the street than the stringers; that said plank so laid crosswise on said stringers was not nailed or otherwise fastened to said stringers, but that the same was lying loose thereon; that said stringers had become decayed and rotten; that the street at that point was graded about ten inches below said sidewalk, and to the edge thereof; that as the plaintiff, in the exercise of due and ordinary care, was walking on said street she stepped on one of the planks and, by reason of said plank being loose and with no support under the same at that point, the same gave way and struck her with great force on the knee and badly injured her; that March 12, 1891, the plaintiff caused a written notice to be given to each of the trustees of the village, and also to the clerk of the village, of such injury and damage, stating therein the place where such injury and damage occurred, and describing generally the insufficiency and want of repair which occasioned it substantially as stated, and that the plaintiff claimed satisfaction thereof from the defendant. The defendant answered by way of admissions and denials and counter allegations.

At the close of the trial the jury returned a general verdict in favor of the plaintiff, and assessed her damages at $2,000. From the judgment entered on said verdict in favor of the plaintiff, the defendant appeals.

Barrett vs. The Village of Hammond.

For the appellant there was a brief by *S. J. Bradford* and *Ray S. Reid*, and oral argument by *Mr. Reid*.

*W. F. McNally*, for the respondent.

CASSODAY, J.   The mere fact that the notice of the defect in the sidewalk located the same and the place of the injury about twenty-five feet north of McGovern's store, while the complaint located the same at a point about ten feet north of the northwest corner of the building occupied by McGovern as a store, is not a fatal variance, nor so defective or uncertain as to defeat the action for want of a proper notice.   They both locate it in the sidewalk on the east side of the street.   The measurement of twenty-five feet from the store is somewhat indefinite as to the starting point, but probably was intended to designate the store door, whereas the complaint designates a point about ten feet from the corner of the building.   The certainty required in such notice has frequently been considered by this court, and it is unnecessary to discuss the question further. *Laue v. Madison*, 86 Wis. 453, and cases there cited.

It is contended that this action should have been dismissed, because it does not appear that the demand upon which the action is based was ever presented for audit and allowance, as required by sec. 893, R. S.   It is enough to say that that section does not include actions or claims for personal torts like this.   *Kelley v. Madison*, 43 Wis. 638; *Hill v. Fond du Lac*, 56 Wis. 245; *Jung v. Stevens Point*, 74 Wis. 550.

The objection to the effect that the defect in the sidewalk was, as a matter of law, latent, and could not have been discovered by the village authorities in the exercise of ordinary diligence, was properly overruled, for the reason that the evidence on that point was such as to make that a question for the jury.   The instructions requested of a contrary import were properly overruled.

The principal controversy in the trial court was as to
whether the condition of the sidewalk in question was such
as to enable the village authorities, in the exercise of ordi-
nary diligence, to discover its defective condition in time
to repair the same prior to the injury in question. Upon
this subject evidence was given *pro* and *con.* Exceptions
were taken to a considerable portion of such evidence on
the part of the plaintiff. Among other things, the court
admitted in evidence a petition for the building of a new
sidewalk seven feet wide, presented to the village board
about six months and a half prior to the injury. Such evi-
dence appears to have been silent as to any defect in, or
the condition of, the old walk. The old walk appears to
have been only four feet wide, and the object of the pe-
titioners may have been merely to secure a wider walk.
Besides, if it was out of repair at the time of signing the
petition, it might have been repaired long before the acci-
dent; and, if it was in good condition at the time of sign-
ing the petition, still it might have got out of repair long
before the accident. True, the court admitted such evi-
dence for the sole purpose of showing notice to the village
authorities of the condition of the walk at the time the pe-
tition was so presented, but, as indicated, it had no legiti-
mate bearing upon the question at issue, and, besides, was
very remote. We must hold that the admission of such
petition in evidence was error.

One of the plaintiff's witnesses was allowed to testify to
the effect that about five months prior to the accident she
and her daughter were walking upon the sidewalk, about
twenty rods north of McGovern's store, when her daughter,
who was a little ahead of her, stepped upon one end of the
plank, and it flew up and tripped the witness, and she fell
full length. Another witness was allowed to testify as to
a similar occurrence six or eight rods north of McGovern's
store about October 1, 1890. The admission of such evi-

dence was error, within the repeated decisions of this court. *Phillips v. Willow*, 70 Wis. 6; *Richards v. Oshkosh*, 81 Wis. 226.

It is claimed that the evidence on the part of the plaintiff was not sufficiently restricted to the place of the accident. The rule on that subject is pretty clearly indicated by the repeated decisions of this court. Where the village or city authorities know that the whole or a particular section of a certain sidewalk is old, rotten, and unsafe, the fact that the particular plank or planks which caused the injury were not known to be loose will not enable the municipality to escape liability on the ground that such defect is latent. *Weisenberg v. Appleton*, 26 Wis. 56; *Ripon v. Bittel*, 30 Wis. 614. In *Spearbracker v. Larrabee*, 64 Wis. 573, it was held that "evidence that a bridge was out of repair and the planks old and decayed at other points than the one where an accident occurred, is admissible to show such a general defective condition of the bridge as would charge the town authorities with notice of its condition." In that case the present chief justice, after indicating that such testimony was admissible on the question of notice, said: "This defect was not such as to be dangerous except because the planks of the bridge were rotten and decayed underneath at the cracks or spaces where they came together." 64 Wis. 575. The same rule has been applied to planks and other covering of a dock. *Propsom v. Leatham*, 80 Wis. 608. In *Shaw v. Sun Prairie*, 74 Wis. 108, it was said by LYON, J., that "the true rule doubtless is that, for the purpose of showing constructive notice to the town or municipality of a defect in one of its highways, other defects therein in the vicinity, or the general bad condition of the same street, sidewalk, or bridge, may be shown." In all these cases the general condition of the portion of the walk, bridge, or dock as to which such evidence was admitted was substantially the same as the general condi-

tion of the walk at the place of the injury. To render such evidence admissible, the conditions should undoubtedly be similar. In the case at bar the walk at the place of the accident was elevated several inches above the ground, and the ends of the planks towards the street projected eight or ten inches over the stringer; and it was this elevation and projection, coupled with the looseness of the plank, that caused the injury complained of. Whether the same or similar conditions existed throughout the whole forty rods to which the evidence was directed, does not clearly appear; and, since the law applicable is settled, and the question may be obviated upon a new trial, it is unnecessary to determine the numerous exceptions to such evidence on this appeal.

Exceptions are taken to numerous refusals to give specific instructions to the jury. It is enough to say that all the essential portions of such instructions which were properly applicable to the case were substantially given in the general charge. The exceptions to the charge are too numerous and inconsequential to call for specific consideration. The law applicable to this case in all its phases has been repeatedly determined by this court, and nothing is to be gained by further repetition.

For the errors mentioned, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.