Cook, Appellant, vs. Rice Lake Milling & Power Company, Respondent.

*March 15—June 1, 1911.*

*Negligence: Use of land near highway: Operating engine: Frightening horse: Injury to traveler: Evidence.*

1. Defendant having, in the regular course of legitimately erecting a power plant adjacent to a public highway and bridge, placed and operated on its own land, somewhat below the level of the bridge, a small portable engine, and having used the same for a considerable time in the ordinary way without unusual noise or emission of smoke or previous frightening of horses, was not liable for personal injuries to plaintiff merely because, by reason of smoke suddenly escaping from the smokestack and blowing toward the roadway, a horse of ordinary gentleness behind which she was riding became frightened and ran away.

2. The owner of land has the right to use his property for every lawful purpose for which he may desire to use it, and is only required to exercise ordinary care in so doing in order to relieve himself from liability for damages on account of injuries incidentally resulting to a traveler on the highway.

3. Ordinary care under this rule contemplates that the owners of land abutting on a highway may freely use the same in the regular conduct of their business, not creating unusual or unnecessary noises or appearances known to be liable to dangerously disturb passing horses under control of persons of ordinary care and capability.

4. Evidence as to whether an industrial operation so carried on by
a person on his own premises for a considerable time was out of
the ordinary or had frightened horses lawfully being used on a
nearby highway is competent as bearing upon the question
whether the carrying on of such operation was consistent with
ordinary care. *Bloor v. Delafield,* 69 Wis. 273, and *Johanson v.
Webster Mfg. Co.* 139 Wis. 181, distinguished.

APPEAL from a judgment of the circuit court for Sawyer
county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

Action to recover for a personal injury. The issues suffi-
ciently appear by the following, established by the evidence:

In the regular course of legitimately erecting a power
plant, adjacent to a public highway where it crossed the Red
Cedar river at Rice Lake, Wisconsin, defendant placed and
operated on its own land a small portable engine. The fire-
box was five to fifteen feet from the side of the bridge and the
smokestack further away. The machine sat on a lower level
than the top of the bridge. The smokestack was ten to eight-
een feet from the side of and reached five to ten feet above
the roadway. Smoke from the stack was liable to be carried
toward the bridge and, as proved to be the case, frighten
horses of ordinary gentleness. The engine was a necessary
appliance in constructing the power plant. It might have
been located a little further from the bridge and the smoke-
stack carried somewhat higher so as to have lessened, perhaps,
danger of frightening horses. It was operated with due care.
No unusual or unnecessary noise or emission of smoke from
the smokestack, occurred. The smokestack was readily ob-
servable by a person approaching the vicinity of the engine on
the roadway. For some time before the occasion in question
the engine had been used during working hours and without
interfering with convenient, safe use of the bridge. No ar-
rangement was made to warn travelers of the presence of the
engine or to avoid frightening horses. The engine was oper-
ated in the ordinary way, leaving users of the highway to look
wholly after their own safety. As plaintiff, in the daytime,

with others, one of whom was the driver, was riding in a one-horse drawn vehicle across the bridge, unconscious of the location of the engine, the horse became frightened from smoke suddenly escaping from the smokestack and blowing toward the roadway, ran away, threw her out of the conveyance, and seriously injured her. The particulars of the injury were sufficiently established to enable a jury to assess damages.

There was a motion for a directed verdict in defendant's favor, which was denied. There was a special verdict as follows: The engine was negligently placed and operated with reference to use of the highway for driving thereon with horses of ordinary gentleness. Defendant failed to exercise ordinary care in locating and operating the engine. Such failure was the proximate cause of the injury, without any want of ordinary care on her part or of the driver contributing thereto. She was damaged in the sum of $4,950.

The court refused judgment on the verdict and on motion reversed the three first findings and rendered judgment in defendant's favor.

For the appellant there was a brief by *W. H. Frawley & T. F. Frawley,* and oral argument by *T. F. Frawley.*

For the respondent there was a brief by *Clarence C. Coe, Arthur E. Coe,* and *James Robbins,* and oral argument by *Clarence C. Coe.*

The following opinion was filed April 5, 1911:

MARSHALL, J. The judgment must be affirmed. The case seems to have been prosecuted upon the theory that if a person use his premises in the prosecution of legitimate business without anything unusual about it, or notice by any previous occurrence that the kind and manner of use may frighten horses rightfully in the vicinity—though the use has been enjoyed for a considerable length of time without any such difficulty,—he is nevertheless liable to one who may be

injured by such use, if the occurrence be one liable to take place under the circumstances.    Neither precedent nor principle supports that.

All actions for damages on the ground of negligence depend on failure of duty of the defendant—failure to exercise ordinary care—a legal wrong to the demandant.    There is. no evidence to establish any such fault in this case—any evidence to warrant the thought that a person of ordinary care would hesitate to locate a small engine near a highway on his own premises, as in this case, for use in the ordinary way in a legitimate industrial enterprise, and make such use, till shown by events that it was liable to be unreasonably disturbable to persons using the highway in the ordinary way. There was no evidence that any horse had been frightened by operation of the engine before the occurrence in question; no evidence but that engines were customarily operated on highways and near highways, as occasion required; nothing to take the case out of the ordinary; no evidence of unusual noise, escape of smoke, unusual use, or previous frightening of horses by operation of the engine; no evidence of any sort tending to show that respondent used his own premises in a manner inconsistent with ordinary care; no evidence to bring the case within the field of responsible fault on principle or any well considered authority.    It makes no difference because, it can be seen, looking backward, that, possibly, or even probably, the arrangements might have been less dangerous.    These cases are not to be examined for the purpose of testing the conduct of a defendant by what might have been done or to discover some excuse for adjudging a liability, but for the purpose of testing defendant's conduct by the standard of ordinary care and legal duty.

Notwithstanding the foregoing there are some seventy-five, more or less, adjudications cited to our attention in the brief of counsel for appellant as having some bearing on this case. Counsel should select authorities with more care.    *Parker v..*

*Union W. Co.* 42 Conn. 399, where the claim of negligence was not passed upon at all, does not fit this case; *House v.. Metcalf,* 27 Conn. 631, and many cases that might be classed with it, where the object which caused the mischief was within the highway boundaries and had notoriously been a menace to the safety of persons traveling there with horses;. *Forney v. Geldmacher,* 75 Mo. 113, where the defendant wilfully threw a stream of water on a horse which was lawfully in the highway; *Winona v. Botzet,* 169 Fed. 321, where the defendant unnecessarily used a whistle, known by experience to imperil the safety of persons using the street with horses,. and a multitude of like cases are cited to us. Manifestly they are wholly irrelevant. All cases cited have not been examined, but enough have to warrant suggesting that none fit this case. If there be one now and then, it is so out of harmony with fundamental principles as not to be worthy of consideration.

In this class of cases it must not be forgotten that some real appreciable, efficient fault, tested by the standard of care exercised by the great mass of mankind, is necessary to liability. The mere fact that a person was injured by the act of another, is not sufficient. Further, it must not be forgotten that a person has the right to use his own property in the usual conduct of his business, characterized with the usual incidents. A highway does not constitute a burden on lands abutting thereon so as to deprive the owners of such use. *Davis v. Pennsylvania R. Co.* 218 Pa. St. 463, 67 Atl. 777, is a good illustration. From that this rule was evolved:

"An owner of real estate has the right to use his property for every lawful purpose for which he may desire to use it, and is only required to exercise ordinary care in that case in order to relieve him from liability for damages on account of injuries incidentally resulting to a traveler on the highway."

Ordinary care under such rule contemplates that the owners of lands abutting on a highway may freely use the same

in the regular conduct of their business, not creating unusual and unnecessary noises or appearances known to be liable to dangerously disturb passing horses under control of persons of ordinary care and capability, and though, nevertheless, such horses may sometimes shy or even run away because of something outside the right of way being done or maintained by the owner of the land, such dangers the user of the highway accepts, in the very nature of things, else the burdens on abutting land would be unreasonable and intolerable.

*By the Court.*—The judgment is affirmed.

SIEBECKER and KERWIN, JJ., dissent.

VINJE, J., took no part.

The appellant moved for a rehearing. The motion was denied June 1, 1911; and the following opinion was filed September 7, 1911:

MARSHALL, J. No good reason is given in the argument for a rehearing why the announced result of this appeal should be changed.

Counsel urges attention to *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115, and similar cases to the effect that evidence of whether, prior to an accident from an alleged defective highway, such defect had caused accidents to travelers, is not competent as to reasonable safety of the way, and *Johanson v. Webster Mfg. Co.* 139 Wis. 181, 120 N. W. 832, and similar cases to the effect that evidence that prior to an injury alleged to have been caused by want of reasonable safety in an employee's working place, accidents had or had not been produced by the alleged defect, is not competent on the question of reasonable safety. The burden of counsel's argument is that the logic of the court's opinion here is in conflict with such authorities. They seem entirely foreign to the question of whether want of any evidence that an industrial operation,

carried on by a person on his own premises for some time, was out of the ordinary or had frightened horses lawfully being used on a nearby way, has a bearing on whether the carrying on of such operation was consistent with ordinary care.

It was suggested before and is affirmed now that want of ordinary care, proximately causing a personal injury, is the test of actionable negligence in a case like this; and that the record here fails to disclose any such fault. In many of the cases relied upon by counsel evidence of frequent frightening of horses prior to the particular accident, was a controlling factor on the subject of whether the defendant was guilty of actionable wrong. Attention was called to that before, showing that such authorities were not applicable here.

It may well be that, whether a highway or an employee's working place was reasonably safe under particular conditions complained of, cannot properly be shown by evidence of prior consequences of such condition, the duty to create reasonable safety being absolute, and yet evidence that the manner of performing a duty requiring ordinary care was the ordinary way and by long continuance had proven adequate, is competent on the question of ordinary care in the matter, and entire absence thereof quite material, and sometimes conclusive, against the person upon whom the burden of proof rests to show the contrary.

The distinction above indicated between this case and those involving the reasonably safe highway or safe working place rule, seems very plain though it appears to have been entirely unappreciated by counsel, notwithstanding reliance, as suggested, was on cases where the controlling factor as to want of ordinary care was customary harmful effect of the condition complained of.

The foregoing seems to fully answer counsel's argument for a rehearing. This case does not involve the reasonably safe way or working place rule, but does that of whether the con-

duct of respondent outside of a reasonably safe highway—
conduct on premises where it had a right to be in the course of
its legitimate business operations—was consistent with ordi-
nary care. · If such conduct had customarily dangerously
frightened horses, as in some of the cases cited by counsel,
clearly evidence of long continuance thereof with knowledge
of the fact, would have had a material bearing on the
question of performance of the duty to exercise ordinary care.

The subject above treated would have been elaborated in
the former opinion instead of having been rested on a mere
statement and elucidation of the rules governing it and a
brief suggestion of the barrenness of evidence of its violation,
had it not been supposed we were dealing with such elemen-
tary matters that extended discussion was uncalled for.  Suf-
ficient has been said, it is thought, to show that the court had
no other course to pursue but to deny the motion for a re-
hearing.