**HANCOCK v. MISSOURI–KANSAS–TEXAS R. CO. et al.**

District Court, W. D. Oklahoma. September 4, 1928.

No. 3766.

Fred E. Suits, of Oklahoma City, Okl., for plaintiff.

M. D. Green, John E. M. Taylor, and Eric Haase, all of Muskogee, Okl., for defendant Missouri-Kansas-Texas R. Co.

KENNAMER, District Judge. This case is before the court on a motion to remand to the state district court of Payne county, Oklahoma. The plaintiff's action is for damages alleged to have resulted by reason of the negligence of the defendants, causing a collision between an automobile driven by the plaintiff's decedent and a passenger train operated by the defendant railroad company at the intersection on Moses

street and the railroad tracks of defendant railroad company in the city of Cushing, Oklahoma. It appears from the plaintiff's petition that the Missouri-Kansas-Texas Railroad Company's right of way runs in a northerly and southerly direction across Moses street of said city. South of Moses street the right of way is over 200 feet in width. The defendant John H. Bellis owns a tract of ground immediately east of the railroad company's right of way south of Moses street. The other defendants, Tuttle, Clay, and Young, together with Bellis, constructed a baseball park upon the land of Bellis, with the consent and acquiescence of the defendant railroad company, and extended the baseball park and grand stand over on the right of way of the defendant railroad company for a distance of about 75 feet; the grand stand of said park being built near the intersection of Moses street and the main line track of the defendant railroad company, extending within about 20 feet of the main line track. The ball park and grand stand are surrounded by a solid board fence 9 feet in height. The grand stand near the intersecton of the railroad track and Moses street is about 25 feet in height.

The plaintiff's petition alleges that the grand stand and fence of said ball park obstruct the view of persons rightfully and lawfully traveling west on Moses street, and render indistinct the sound of trains approaching the crossing from the south, and unavailing the signals which trains give as a warning to travelers going west on the street. The petition charges the defendant railroad company with negligence in failing to sound the whistle or ring the bell of the locomotive, running the train at a high rate of speed in violation of the city ordinances, and failure to keep a flagman or gate system at the crossing on West Moses street. The plaintiff, who is the widow of Elmer Hancock, deceased, prosecutes the action in her own behalf and on behalf of her three minor children to recover damages for the alleged wrongful death of her deceased husband, resulting from the collision of the automobile and the train.

From a careful examination of the plaintiff's petition, the only act of negligence charged against the individual resident defendants is the alleged obstruction of the view to the railroad crossing by reason of the presence of the grand stand and baseball park fence, which also renders indistinct the signals given on approaching trains. The only question for determination is whether or not the plaintiff's petition states a joint cause of action against the railroad company and the individual defendants under the laws of the state. The case of Hay v. May Department Stores Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965, states the rule as follows:

"It is well settled by the decisions of this court that an action brought in a state court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy, authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy, in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal."

Other authorities are Louisville & Nashville R. R. Co. v. Ide, 114 U. S. 52, 5 S. Ct. 735, 29 L. Ed. 63; John S. Pirie et al. v. Evan J. Tvedt et al., 115 U. S. 41, 5 S. Ct. 1034, 1161, 29 L. Ed. 331; Louisville & Nashville R. R. Co. v. Wangelin, 132 U. S. 599, 10 S.. Ct. 203, 33 L. Ed. 474; Chesapeake & Ohio Ry. Co. v. Lucy Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; Graves v. City & Suburban Tel. Ass'n et al. (C. C.) 132 F. 387. The court said in the case of Chesapeake & Ohio Ry. Co. v. Dixon, supra:

"It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States. * * * A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

This well-established rule invoked by plaintiff's counsel is only applicable where the plaintiff's petition alleges sufficient facts to constitute a joint cause of action against the defendants, some of whom are residents and citizens of the same state as the plaintiff, and others of whom are residents and citizens of another state. It is clear from many authorities that, where the plaintiff brings a suit in a state court against two defendants, one a citizen of the same state as the plaintiff and the other a nonresident,

the case is removable by the nonresident defendant, where the petition fails to state a cause of action against the resident defendant. Cella v. Brown (C. C. A.) 144 F. 742; King v. Beaumont (D. C.) 296 F. 531; Burt v. Mo. Pacific Railroad Co. (D. C.) 294 F. 911; Prince v. Illinois Cent. Railroad Co. et al. (C. C.) 98 F. 1.

It appears from the authorities that the court, in determining a motion to remand, will eliminate the resident defendants against whom no cause of action is stated, testing the petition by the law of the state as construed by the highest court of the state. In the case of Adams v. Tolerton et al. (D. C.) 22 F.(2d) 863, Tolerton, the nonresident defendant, removed the case to the federal court. Tolerton was jointly sued with the city of Tulsa to recover for injuries alleged to have been received by the plaintiff, who stepped into an excavation in front of the defendant Tolerton's property on the parking between the sidewalk and the street. The excavation had been made by the defendant city in grading the street, according to the allegations of the plaintiff's petition. The plaintiff contended that the city and Tolerton were both liable for her injuries. In sustaining the motion to remand it was stated:

"The general rule is that no common-law duty rests on the owner or occupant of premises abutting on a public street to keep the sidewalk in repair. * * * The question here presented is, where the plaintiff's petition fails to state sufficient facts in law to constitute a cause of action against the removing nonresident defendant, is the case removable because of separable controversy?"

The distinction in this case and the one under consideration is that in the case of Adams v. Tolerton et al., supra, it was held the petition failed to state a cause of action against the nonresident removing defendant, but did state a good cause of action against the resident defendant. In the case under consideration the petition is challenged as being insufficient, construed according to the law of the state, to state a cause of action against the resident defendants. Viewed in its most favorable light, the only charge of negligence against the resident defendants is the use of the railroad right of way by the resident defendants, with the consent of the railroad company, in constructing a baseball park fence and grand stand. The only theory upon which the acts of the resident defendants could have in any way contributed, directly or indirectly, to the injury complained of, was by the presence of the fence and grand stand upon the right of way of the railroad company. It is clear, from the allegations of the petition, that the direct and proximate cause of the death of the plaintiff's decedent was the train of the defendant railroad company striking the automobile driven by the deceased. I am of the opinion that the petition fails to state any cause of action against the resident defendants. The following authorities from the Supreme Court of Oklahoma, called to my attention, do not support the contention of counsel for the plaintiff: St. Louis & S. F. R. Co. v. Ray, 65 Okl. 214, 165 P. 129, L. R. A. 1918A, 843; Walters v. Prairie Oil & Gas Co., 85 Okl. 77, 204 P. 906; Avery v. Wallace, 98 Okl. 155, 224 P. 515.

The resident defendants had the right to make any lawful use of the right of way for which they had leased the same, and so long as such building did not extend to or upon the street, and was not so defective or unsafe as to endanger the lives or property of others upon the street, there is no imposition of liability for any lawful use to which the property is put. In the case of Goodaile v. Cowley County, 111 Kan. 542, 207 P. 785, the court said:

"The owners of land permitted high hedges to grow along public roads which crossed at the corner of their property; the hedges obstructed the view of one road from the other; a woman driving a horse and buggy along the road approached the crossing; the horse became frightened at an automobile which suddenly appeared at the crossing of the roads; the woman was thrown out and injured. Held, that the owners of the land are not liable in damages for the injuries sustained by her."

See Bohm v. Racette et al., 118 Kan. 670, 236 P. 811, 42 A. L. R. 571; Julia F. Cook v. Rice Lake Milling & Power Co., 146 Wis. 535, 130 N. W. 953, 132 N. W. 346, 32 L. R. A. (N. S.) 1225, Ann. Cas. 1912C, 458.

The motion to remand is overruled.