BROWN, Appellant, vs. APPLETON MASONIC TEMPLE Association, Respondent.

*April 15—May 18, 1943.*

For the appellant there was a brief by *Fellenz,· Worthing & Fellenz* of Fond du Lac, and oral argument by *Louis J. Fellenz*.

For the respondent there was a brief by *Benton, Bosser, Becker & Parnell*, attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *A. W. Parnell*.

FRITZ, J.   Plaintiff sustained injury upon falling while walking on a ballroom floor, and in seeking to recover damages under the safe-place statutes, secs. 101.01 and 101.06, from defendant, as the owner of the building, she charges that her injury was due to the unsafe and hazardous condition of the floor.   On the trial it was proven that the floor had been waxed about four months prior to the time plaintiff fell; that it was then well lighted; and that she walked across the floor and fell as she was about to enter the doorway leading from the ballroom to an adjacent rest room.   She testified that as she walked she did not observe anything that might indicate there was some substance on the floor, or that it was wet, which might cause her to fall; that she slipped with her left foot, which seemed to strike something awful slippery that caused her to fall, and that it was wax; that upon falling she put her hands on the floor and it was very slippery, but she could not tell that there was anything different at the spot where she fell from the rest of the floor; that her arm came down with such force that the imprints of the floor could be seen, and something, either wax or grease, was imbedded right into the flesh; and that her arm afterward was black and blue; and

the greasy substance was darker than her flesh. A witness testified that the next morning at the hospital she saw around plaintiff's wrist and forearm an area that was darker and looked like wax with an accumulation of dirt on it, which she thought was wax imbedded in the arm, but she could not tell; that she saw little particles of something which she did not feel or test in any way, but concluded they looked like wax. There was no other evidence admitted upon which plaintiff relied to prove that the condition of the floor was unsafe. But prior to defendant's motion for nonsuit, plaintiff's counsel offered to prove by other witnesses, whose testimony was claimed to be corroborative of her contention, that portions of the floor were in a slippery condition, and caused them to fall that evening. The court ruled such testimony was inadmissible for that purpose. In opposing the motion for nonsuit, plaintiff's counsel argues that her testimony that the floor was slippery was alone sufficient to entitle her to have the motion denied. In response to the court's inquiry as to whether proprietors of a dance hall have the right, without violating the safe-place statute, to have a waxed floor upon which people can dance or walk, plaintiff's counsel replied, "They do so at their own risk, and if they put wax on the floor which causes me to fall, they are liable under the statute undisputably." Plaintiff's counsel contended that if anyone falls on a dance floor, which is always waxed, the management or owner is responsible for the person's fall. The court concluded that the contention must be denied; and that a verdict favorable to plaintiff on the inference which she seeks to have submitted to the jury would be based purely upon speculation and could not stand in any event.

These conclusions of the court must be sustained. There was no proof that there was such an accumulation of wax, or any foreign substance, or water or defect on the floor as to cause plaintiff to slip. To facilitate the usual, proper use of a ballroom floor for dancing it is necessary and customary to

have it slippery by waxing it. Consequently the facts merely that the floor was waxed and slippery cannot be held to constitute a violation of the safe-place statute in the absence of proof that there was such an excessive accumulation of wax or some foreign substance, or some defect because of which it was not as free from danger as the nature of the place would permit; and therefore was not "safe" within the meaning of that term as used in secs. 101.01 (11) and 101.06 of the safe-place statutes. In sec. 101.01 (11), Stats., the terms "safe" and "safety" are defined to mean such freedom from danger to the life, health, safety, and welfare of employees, frequenters, and the public "as the nature of the employment, place of employment, or public building, will reasonably permit," but the safe-place statute "does not require the owner of the premises resorted to by the public to do the impossible or the unreasonable in maintaining its premises in a safe condition." *Heckel v. Standard Gateway Theater,* 229 Wis. 80, 84, 281 N. W. 640; *Tallman v. Chippewa Sugar Co.* 155 Wis. 36, 143 N. W. 1054; *Cronce v. Schuetz,* 239 Wis. 425, 1 N. W. (2d) 789; *Erbe v. Maes,* 226 Wis. 484, 277 N. W. 111.

Likewise there must be sustained the court's ruling that testimony that other persons than plaintiff had fallen on the floor was incompetent and inadmissible to prove that the condition thereof was unsafe. As this court has said,—

"The rule seems to be well settled 'that the fact that other persons than the plaintiff got hurt at a particular place does not tend to prove that the defect was of such a dangerous character as to make it negligence on the part of the municipal officers not to take measures to remedy it, nor can a collateral issue be so framed as to require an investigation in detail of why or how such persons were injured.' Elliott, Roads & S. 647. This proposition is sustained, among other cases by *Collins v. Dorchester,* 6 Cush. 396, *Dubois v. Kingston,* 102 N. Y. 219. The evidence was repugnant to the well-established rule which excludes all evidence of collateral facts. 1 Greenl. Ev. §§ 52, 448. For the purpose of showing notice of a

defect in a highway on the part of the authorities, evidence of previous accidents at the same place similar to the one complained of may be admissible, but, even in that case, such evidence should be limited strictly to the question of notice. Elliott, Roads & S. 463, 646. But here it was not so restricted, nor was it admitted for such a purpose, and hence should have been stricken out." *Richards v. Oshkosh,* 81 Wis. 226, 228, 229, 51 N. W. 256; *Phillips v. Willow,* 70 Wis. 6, 34 N. W. 731; *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115.

These cases do not appear to have been considered and the rule applied therein was not overruled or even mentioned in *Block v. Milwaukee Street R. Co.* 89 Wis. 371, 61 N. W. 1101; *Cook v. Doud Sons & Co.* 147 Wis. 271, 133 N. W. 40; *Schroeder v. Great Atlantic & Pacific Tea Co.* 220 Wis. 642, 265 N. W. 559, which are cited by the appellant herein. In *Cook v. Rice Lake Milling & Power Co.* 146 Wis. 535, 541, 130 N. W. 953, 132 N. W. 346, the issue was whether defendant was negligent in placing and operating an engine so close to the highway in view of the use thereof for driving with horses of ordinary gentleness. This court concluded there was a difference between proving an issue as to whether there was negligence in the manner of performing a duty, as compared to proving whether the particular condition of a highway was reasonably safe. In the course of the opinion the court cited *Bloor v. Delafield, supra,* and said:

"It may well be that, whether a highway or an employee's working place was reasonably safe under particular conditions complained of, cannot properly be shown by evidence of prior consequences of such condition, the duty to create reasonable safety being absolute, and yet evidence that the manner of performing a duty requiring ordinary care was the ordinary way and by long continuance had proven adequate, is competent on the question of ordinary care in the matter, and entire absence thereof quite material, and sometimes conclusive, against the person upon whom the burden of proof rests to show the contrary."

As the court rightly concluded, in passing upon defendant's motion for a nonsuit, that plaintiff was not entitled to recover herein, there is no occasion to review the order denying, in view of our ruling in *Sweitzer v. Fox,* 226 Wis. 26, 275 N. W. 546, plaintiff's motion to have the Employers Mutual Liability Insurance Company made a party defendant.

*By the Court.*—Judgment affirmed.