PELON, Respondent, vs. BECCO and wife, Appellants.

*September 13—October 12, 1948.*

For the appellants there was a brief by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David Fulton.*

*Norman B. Langill* of Marinette, for the respondent.

HUGHES, J. Appellants contend that it was error on the part of the trial court to deny the motion for summary judgment on this state of the record. Appellants rely strongly upon what was said by this court in *Brown v. Appleton Masonic Temple Asso.* (1943) 243 Wis. 147, 9 N. W. (2d) 637, to the effect that a mere waxing of a ballroom floor does not create a liability toward a user thereof who may fall on such slippery surface. Appellants also cite other cases to like effect upon the substantive law that the washing of a floor or usual and customary measures of preserving a floor open to the public do not make the owner liable under the safe-place statute.

We consider that a lengthy discussion of this phase of the law at this time would serve no purpose. The sole question presented is whether the indication by respondent that she herself is unable to testify as to anything which might spell out liability on the part of the appellants, is cause for the entry of a summary judgment dismissing her cause of action. We are mindful of the decision of this court that where by positive

statements a plaintiff forecloses herself from any ability to recover on a stated cause of action, the defendant is entitled to summary judgment. *Marco v. Whiting* (1944), 244 Wis. 621, 12 N. W. (2d) 926. However, the purpose of the statute enabling parties to examine the adverse party under oath before trial is primarily to acquaint the examiner with the testimony that the party sworn will give at the trial so that he may be able to meet such testimony with counterproof. Here it is true that the respondent indicated she has no particular knowledge of anything which on its face shows a violation of the safe-place statute. However, the examination was not so conclusive as to preclude her from offering evidence of other witnesses on that point at the time of trial. Likewise, it must be borne in mind that when parties appear before a court commissioner to be examined adversely they are in a position where they answer only the questions submitted to them by opposing counsel. They are not expected to and in fact are not permitted, under the statute, to offer any positive proof. It certainly is not anticipated that a plaintiff must affirmatively establish a cause of action in adverse proceedings before a court commissioner or be, in effect, subject to a motion for nonsuit by means of the application of the summary-judgment statute. It appears that the trial court was correct in denying the appellants' motion for a summary judgment.

*By the Court.*—Order affirmed.