PEARSON, Judge.
The plaintiff in her complaint alleged that she was caused to slip and fall upon defendant’s dance floor by a dangerous accumulation of wax. The complaint was dismissed for failure to state a cause of action and plaintiff appeals. The order dismissing the complaint is reversed.
The paragraphs of the complaint alleging negligence are as follows:
“3. At the time and place aforesaid the defendant, maintained its premises more particularly the dance floor in a careless and negligent manner and permitted the dance floor to get in a dangerous slippery condition by treating the dance floor with wax, powder and/or other floor compound to accumulate on said dance floor so as to render it unreasonably safe to accommodate the plaintiff. Plaintiff unaware of the dangerous slippery condition of the dance floor slipped and fell and suffered a fractured leg, divers cuts, bruises, lacerations and contusion's as well as other injuries of a serious and lasting nature.
“4. That the proximate cause of plaintiff’s injuries, suffering and damages, was the negligence of the defendant and nuisance created by the defendant by permitting said dance floor to become and to remain in a condition that was not reasonably safe to accommodate the plaintiff, which said condition was known to the defendant or by the exercise of reasonable care and diligence should have been known, to. the defendant and was not known to the plaintiff.”
Since we are dealing with a business invitee, there is no difficulty regarding the existence of a duty upon which negligence may be based. Even the standard of care is easily ascertained. That is: “reasonable degree of care commensurate with the attending circumstances for the plaintiff’s safety.” [1] The difficulty is in determining whether the allegations of this complaint set forth a condition in violation of the standard of care. Dance floors are intended to be made slippery and every person who goes upon such a surface takes some chance of slipping.[2] Upon the other hand there is no doubt that liability exists for the maintenance of an unsafe and hazardous condition on a dance floor.[3] Undoubtedly an accumulation of wax in a particular spot can be dangerous.[4] Viewed in its best possible light the complaint alleges such a condition and it is possible that the plaintiff may be able to meet the standard of *718 proof necessary to support such an allegation.
Therefore the final judgment dismissing the complaint must be reversed.
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. Moulden v. Jefferson Standard Insurance Co., 147 Fla. 36, 2 So.2d 302.

. See Fishman v. Brooklyn Jewish Center, Inc., 234 App.Div. 319, 255 N.Y.S. 124.

. Gough v. Wadhams Mills Grange, 279 App.Div. 825, 109 N.Y.S.2d 374. Also see annotation on “Liability of dance hall proprietor or operator for injury to patron.” 28 A.L.R.2d 612.

.First Federal Savings & Loan Ass’n of Miami v. Wylie, Fla.1950, 46 So.2d 396; Brown v. Appleton Masonic Temple Ass’n, 243 Wis. 147, 9 N.W.2d 637.