PONEITOWCKI, Executor, and another, Respondents, vs. HARRES, Appellant.

*November 6, 1929—February 4, 1930.*

505

For the appellant there was a brief by *C. F. Rouiller* of Milwaukee, attorney, and *Peter J. Myers* of Racine and *E. L. McIntyre* of Milwaukee, of counsel, and oral argument by *Mr. Myers* and *Mr. McIntyre.*

For the respondents there was a brief by *Simmons, Walker & Wratten,* and oral argument by *Mortimer E. Walker* and *Harold J. Sporer,* all of Racine.

The following opinion was filed December 3, 1929:

CROWNHART, J. The respondent, Katie Poneitowcki, at her request, went with the appellant, John Harres, in his automobile on a trip from Racine to Chicago, July 19, 1928. In the car on the trip were the appellant's wife, in the front seat, right side; appellant in the driver's seat, driving, and between them their six or seven-year-old daughter; in the back seat at the right end sat the respondent with her baby in her lap; on the left end sat Mrs. Kowalsczyk with her baby in her lap; and between the two women sat Mrs. Brszenski. All were neighbors in Racine. Appellant ran a grocery store and meat market in that city.

The appellant was an experienced driver of automobiles, having driven a great deal during the preceding ten years. On this day he drove a Marmon Eight sedan. It was in good condition, had four-wheel brakes, and good headlights. Appellant had driven this car some three thousand miles at the time.

All went well on the road to Chicago. They started home about 9 or 9:30 p. m. Chicago time, 8 or 8:30 p. m. standard time. According to the testimony of the respondent and Mrs. Brszenski, the appellant drove very fast on the way back and his wife frequently urged him to go slower, and both the respondent and Mrs. Brszenski did likewise. But appellant ignored their request, and at one time stopped his car and suggested that his wife get out if she did not like his driving. There was much of this testimony quite

in detail, going to show that appellant drove recklessly a large part of the time up to the point of the accident. On the other hand, appellant and his wife testified directly to the contrary as to this. Mrs. Kowalsczyk was sick and unable to be present at the trial.

When appellant came near to Waukegan, Illinois, going north on United States highway 41, his car ran off the concrete on the east side and ran along the shoulder next to the concrete. Appellant testified that he was crowded off the concrete by a car going south on its wrong side of the road. He testified that before this, some one had played a flashlight on the road and he had slowed down to fifteen to twenty miles per hour, but that he kept going at that speed while off the concrete for some fifteen rods, without applying his brakes or making any attempt to further reduce his speed. He then attempted to get back on the concrete, and his front wheels got back, but owing to the fact that the dirt shoulder was five or six inches lower than the concrete, and was rutted, his hind wheel skidded along the side of the concrete, resulting in jerking the steering wheel out of his hand, the car turning around heading southeast with the front wheels on the concrete and the hind wheels on the west dirt shoulder, where it tipped over in the west ditch of the highway, resulting in the injuries to the respondent of which complaint was made in the action. The respondent and Mrs. Brszenski denied that appellant slowed down the speed of his car before the accident. Briefly, such was the evidence submitted to the jury and upon which they found: (1) that the appellant failed to exercise ordinary care (a) by driving at an excessive rate of speed; (b) by driving at a greater rate of speed than was reasonable having regard for the condition of the highway and the rules of the road; (c) by driving his automobile so as to endanger the property, life, or limb of any person; (d) by failing to keep a proper lookout; (2) by failing to have his car under

proper control; that each such act of negligence was the proximate cause of respondent's injuries; and that appellant ought reasonably to have foreseen that such injuries might have probably followed his negligent acts. Damages were assessed to the respondent Katie Poneitowcki $6,000, and to William Poneitowcki $1,500. The jury further found that the respondent, Katie Poneitowcki, did not fail to use ordinary care.

The first contention of the appellant is that there is no credible evidence to support the verdict.

It is unnecessary to discuss the evidence at length. The appellant could see the situation he was in when he left the concrete. He had ample opportunity to slow down to a safe pace to get back on the concrete. He was an experienced driver, and must have been fully cognizant of the danger of his wheels slipping along the side of the concrete, which was approximately six inches higher than the dirt shoulder upon which he was traveling. The evidence clearly presented a jury question as to appellant's negligence.

It is contended that appellant was confronted with a sudden emergency which excused him for losing control of his car. We fail to discover any emergency from the testimony of appellant himself. There did not appear to be any obstruction to require him to turn on to the concrete until he could slow down his car to make the turn safely. He had plenty of time to exercise judgment and caution in getting back on the pavement.

Appellant assigns as error that the damages assessed by the jury are so excessive as to indicate perversity on the part of the jury.

Mrs. Poneitowcki sustained a broken third rib on the right side near the spine. It was a comminuted fracture with jagged and pointed pieces of bone splintered from the rib. It is in evidence that it required a heavy blow to

produce the fracture, which would most probably produce injuries to the lung and surrounding tissues. She suffered much from her injuries, and developed tuberculosis. Medical testimony attributed the tubercular condition to her injuries. Prior to the injuries she had been in good health, physically sound and strong. From the time of the accident she lost weight continually, and at the time of the trial she was not expected to recover. There was the usual disagreement of the medical experts, but their testimony was for the consideration of the jury.

The damages awarded the injured woman, $6,000, were not excessive. Nor were the damages awarded the husband, $1,500, excessive. We need not discuss the evidence as to damages as we deem the damages moderate under the circumstances.

Appellant insists that the court erred in not permitting him to show that other accidents had happened in the same vicinity the same night and at other times. The court followed well-considered decisions of this court in so ruling. *Phillips v. Willow,* 70 Wis. 6, 9–10, 34 N. W. 731; *Richards v. Oshkosh,* 81 Wis. 226, 229, 51 N. W. 256; *Barrett v. Hammond,* 87 Wis. 654, 657–8, 58 N. W. 1053; *Jensen v. Oconto Falls,* 186 Wis. 386, 389, 202 N. W. 676.

It is urged that by reason of the form of the special verdict the real issues in the case were not properly submitted to the jury. With this we agree. The duty of the appellant to the respondent was such as arises from the relation of host and guest. The nature of this duty has often been considered by this court, and it is well settled that the duty which the appellant owed to the respondent in this case was to exercise ordinary care not to increase the danger or add a new one to those which she assumed when she entered the car. When she entered the car she accepted it in its existing condition, except as to latent defects known to the appellant, and she also accepted the driver, with his habits

of driving, so far as the same were known to her, and with the skill in operating and managing the car he actually possessed. This is the law of this state as settled through a series of decisions which are cited and commented upon in *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408.

As submitted to the jury, the special verdict simply required them to find whether the appellant exercised ordinary care with reference to speed, lookout, and control. The question of speed was subdivided into three questions, one of which inquired as to whether the speed was improper; another, whether it was greater than was reasonable and proper with due regard to the width, surface, traffic, use of the highways, and rules of the road; and the third, whether he drove his automobile so as to endanger the property, life, or limb of any person. In these respects the jury found that the appellant failed to exercise ordinary care and that such failure constituted the proximate cause of respondent's injuries. The question or questions should have been framed so as to enable the jury to find whether the appellant failed to exercise ordinary care which increased the danger or added new ones to those which she assumed upon entering the car.

The care which a host is required to exercise for the safety of his guest is a qualified care, and this qualification did not receive the consideration of the jury. But even though the verdict was not so framed as to attract the attention of the jury to the qualified care which the relations obtaining imposed upon the appellant, it may or may not constitute prejudicial error as submitted to the jury. They were asked to find whether the appellant failed to exercise ordinary care under the circumstances, and no distinction was made between the degree of care which he owed to the respondent and to all the world, and especially other users of the highway. However, if there be no difference in the

instant case, in the duty which the appellant owed to the respondent and the duty which he owed to other users of the highway, then the form of the verdict should not be deemed prejudicial error.

While the guest cannot demand of the host a higher degree of skill and experience than he actually possesses, in the management and control of the automobile under special and peculiar circumstances, even though they do not amount to emergencies, nevertheless there are certain duties imposed upon the drivers of automobiles, the abilities to perform which do not depend upon experience or acquired skill. Among these is the duty to maintain a reasonable speed, obey the law of the road, keep a proper lookout, etc. There are duties which are required to be observed for the safety of every one,—those within as well as those without the automobile,—and failure to perform them may result in liability in the absence of acquiescence or contributory negligence on the part of the guest. The driver of an automobile who maintains an excessive or reckless speed, who fails to maintain a lookout or to observe the laws of the road, plainly increases the dangers which the guest assumed upon entering the automobile and adds new ones, and there manifestly is no difference between the degree of care he is required to use in these respects for the safety of his guests and for the safety of other persons.

When the jury found, therefore, that appellant operated his car at an excessive rate of speed and failed to maintain a proper lookout, it amounted to a finding that he failed to exercise the care which the law imposes upon him with reference to his guests. These findings are sufficient to sustain the judgment in favor of the respondent, leaving out of consideration the finding that he did not have his automobile under control, which question must be considered in the light of his skill and experience. Under the

circumstances we do not think the manifestly improper and inadequate form of the verdict amounted to prejudicial error.

The appellant makes numerous other assignments of error. We have considered all of them, but find no prejudicial errors. Affirmance of the judgment as to the husband follows the affirmance as to the wife.

*By the Court.*—The judgments of the circuit court are affirmed.

A motion for a rehearing was denied, with $25 costs, on February 4, 1930.