SCHWARTZ, Respondent, vs. SCHWARTZ and others, Appellants, and three other cases.

*April 30—September 15, 1936.*

402

For the appellants there was a brief by *Bendinger & Hayes,* and oral argument by *Gerald P. Hayes* and *John H. Schlosser,* all of Milwaukee.

For the respondent there was a brief by *Ben Koenig,* attorney, and *Joseph A. Padway* of counsel, both of Milwaukee, and oral argument by *Mr. Padway.*

The following opinion was filed June 2, 1936:

FOWLER, J.   Both parties to the actions attack the orders of the circuit court reversing the judgments and remanding the cases to the civil court for retrial, the appellants on the ground that the circuit court should have ruled that on the undisputed evidence Petersen was not negligent as matter of law, and should have reversed the civil court's judgments and dismissed the complaints on the merits, and the respondents on the ground that the civil court's findings of negligence are supported by the evidence and the circuit court should have affirmed the judgments.   The appellants also claim that if the civil court's findings of negligence are supported by

the evidence, the damages assessed by the civil court are so grossly excessive that the circuit court's order for a new trial should be affirmed or other appropriate relief should be granted to them.

In entering the order appealed from, the circuit court acted under sec. 2, ch. 399, Laws of 1935, which reads as follows:

"Upon an appeal from a judgment of the civil court to the circuit court, the circuit court may reverse, affirm or modify the judgment, and in case of a reversal or modification the circuit court may enter such judgment as may be proper. Where, however, by reason of manifest prejudicial error in the trial of the action in the civil court any party thereto has not had a fair trial and where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected, the judgment of the civil court shall be reversed, and the circuit court shall remit the case to the civil court for a new trial or further proceedings."

The circuit judge was of the view that "manifest prejudicial error" occurred on the trial of the cases in the civil court "necessitating a new trial in that court." The basis of this view, as disclosed by the written opinion of the circuit judge, is that there was "no finding that Petersen invaded the left side of the road just before the collision (nor any basis in the evidence for such finding)," and therefore no basis for the trial court's findings of negligence, and as neither the driver of the truck nor a person on the driver's seat with him were produced as witnesses on the trial, there should be a new trial to procure their testimony to establish the "actual position and movements of the truck," and thus afford a basis for a finding as to Petersen's negligence. We are of opinion that the circuit judge was wrong in his view that Petersen could not be found guilty of negligence as to lookout or control of his car in absence of evidence that he did not invade the left side of the road. After passing the headlights of the truck, when his view was not interfered with, and when he was in a safe position on the highway, he

turned left to get back "into his line of travel," and went so far to his left that he collided with the truck. This in our opinion fully warranted the inference of the civil court that Petersen was negligent as to lookout and control of his car, even if the truck was invading his side of the road. The finding of the civil court was not error to say nothing of its not being "manifestly prejudicial error." Nor was it "manifestly prejudicial error" or any error at all for the civil court to base its findings on the evidence that the parties saw fit to present, and not order a new trial on its own motion for production of the testimony of witnesses that the parties, for reasons satisfactory to themselves, did not care to present.

The above seems to us sufficient to show that the circuit court should have affirmed the judgments of the civil court, unless the assessments of damages by that court were so high as to compel interference with the judgments entered. We do not consider that the citation of adjudicated cases is necessary or would be helpful. We are not unmindful of the rulings in *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441, and *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267, as to the duties of host to guest in automobile cases, but it seems obvious to us that the facts of the instant case do not bring it within the reason or the rule of either of them. The case of *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126, is more to the point. As to the damages assessed by the civil court, we cannot regard them as beyond the limits which the injuries involved might reasonably warrant.

*By the Court.*—The order of the circuit court in each case is reversed, and the cause remanded with directions to enter judgment affirming the judgment of the civil court.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.