STRUCK, by Guardian *ad litem,* and another, Respondents, vs. VETTER and others, Appellants.

*January 16—February 13, 1940.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell.*

*Leonard J. Sheahan* of West Allis and *William J. Geenen* of Appleton, for the respondents.

ROSENBERRY, C. J.  The facts may be stated briefly as follows: On the morning of October 31, 1937, four young people, Ralph Egan and Lloyd Vetter accompanied by the plaintiff Jane Struck and Elaine Babcock, left Appleton to drive to Crivitz and in the afternoon they left Crivitz to return home.  The defendant Egan was the owner of the automobile in question, and some distance south of Crivitz a change of drivers was made.  Miss Struck and Egan sat upon the rear seat of the car and Miss Babcock and Vetter sat in the front seat, Vetter at the wheel.  Vetter was twenty-two years of age.  He had driven a car approximately eight hundred miles, but was not an experienced driver, a fact known to the plaintiff, Jane Struck.  He drove at a speed of forty to forty-five miles an hour, and when near Stiles he undertook to pass the Johnson car also traveling in a southerly direction.  No other cars were on the highway.  When the Egan car was a short distance back of the Johnson car, Vetter started to pass and almost at the same time the Johnson car started to drift to the left very gradually.  In trying to avoid the Johnson car Vetter swung the Egan car too far to the left, and in so doing struck a cement post at the north entrance of the Alamo Club, which was on the easterly side of Highway No. 141 upon which the parties were traveling.  At the point in question the highway was straight, the view unobstructed, and the driveway to the Alamo Club was approximately one hundred fifty feet in width.

The principal question presented in the case is whether the trial court was warranted in changing the answer of the jury with respect to acquiescence on the part of the plaintiff and lack of skill on the part of the defendant Vetter, and thereby holding as a matter of law that the evidence presented no question for the jury with respect to those issues.

The jury found in response to question 4 that the negligence of Vetter as to control was the result of lack of skill or judgment on his part. Since *Cleary v. Eckart,* 191 Wis. 114, 119, 210 N. W. 267, decided October 12, 1926, it has been the law of this state that a guest in an automobile must accept the honest and conscientious exercise of such skill as the host may have attained in the management of automobiles, and this rule applies to the driver as well as to the owner of the vehicle. In that case Mrs. Eckart had during the period of three months driven about twelve hundred miles, but had never been called upon to deal with an automobile in motion after the blowout of a tire. The court said:

"The plaintiff knew of defendant's limited experience, and she knew that when she accepted the hospitality of the defendant she was placing herself in the hands of a driver with exceedingly limited experience in the management and control of automobiles."

Egan testified that prior to the time of the accident Vetter had driven approximately two hundred miles, most of them being under the guidance of Egan. Vetter testified that neither he nor his father owned a car at the time of the accident, and that he had driven approximately eight hundred miles. Both Miss Babcock and Miss Struck testified that while they had ridden in the Egan car fifteen or twenty times, Egan had done the driving and Vetter had never driven until the day of the accident. Miss Struck testified:

"I always was kind of afraid when Lloyd Vetter drove because he didn't drive much. . . . I know he had never driven, well he had driven, I guess, but not very much.

"*Q.* Did you feel he was an experienced or inexperienced driver? *A.* You could tell he didn't know much about it.

"*Q.* When did you find out about that? *A.* After we started out you could tell."

Referring to the time when he swung to his left to avoid the Johnson automobile, Vetter made the following replies to questions:

"Q. Now, had you before, in your experience encountered a situation like that? A. No.

"Q. Have you ever had occasion to apply the brakes in an emergency on a graveled shoulder? A. No.

"Q. Have you ever had the experience of having a car suddenly and unexpectedly turn left as you were passing? A. No."

Without setting out all of the evidence it is apparent that there is substantial evidence in support of the jury's finding that Vetter's negligence with respect to control was due to his lack of experience and judgment. There was no sudden turning across the path of the Egan automobile by the Johnson car. The two cars never came into contact. The Johnson car had been slowing down, and at the time of the accident was traveling at the rate of about twenty miles per hour. The slackening speed, the deviation to the left, the presence of the Alamo Club on the left, would have indicated to any experienced driver that the car preceding the Egan car was about to change its course. However, after it had changed its course there seemed to be no reasonable explanation for the accident except that Vetter became excited and disturbed and turned the car unnecessarily too far to the left.

While in *Poneitowcki v. Harres* (1930), 200 Wis. 504, 228 N. W. 126, it was held that a driver of an automobile who maintains an excessive or reckless speed, or who fails to maintain a proper lookout, or to observe the law of the road, plainly increases the danger which a guest assumes upon entering the automobile, and adds new ones, the law of *Cleary v. Eckart, supra,* was not changed. The driver in the *Poneitowcki Case, supra,* was an experienced driver, having driven a great deal for ten years. In that case there was no finding as in this case that the negligence of the driver with

respect to control was due to any lack of skill on his part. It is plain from the evidence that a jury issue was presented upon plaintiff's acquiescence. It is considered therefore that the trial court was in error in setting aside the finding of the jury upon that question. This is also true with respect to the finding of the jury as to the negligent acts of Vetter being due to his lack of skill.

There is no evidence in the record that failure to maintain a lookout in any way contributed to the accident. The finding of the jury in that respect seems to have been due to the fact that there was evidence in the case that there was a sign with respect to speed some distance north of the Alamo Club which Vetter did not see. It was not at an intersection or within the village limits, and it did not appear by whose authority the sign was erected. The failure of Vetter to observe the sign under the circumstances of this case clearly had no causal connection with the injuries sustained by the plaintiff. He knew that the Johnson car was ahead of him. He must have known that it was slowing down. He saw it deviating to the left, and it would seem from the uncontradicted evidence in the case that the accident was due almost wholly to his lack of skill and want of judgment. However, if speed was a contributing factor, the evidence sustains the jury's finding that the plaintiff acquiesced in his manner of driving including his speed. There are few stronger cases of acquiescence by a guest in a known dangerous situation than is presented by the facts in this case. Upon the verdict as returned, and upon the undisputed evidence in the case, judgment should have gone for the defendants. The appellants assign other errors which it is not necessary for us to consider as the case is disposed of on other grounds.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.