PIERNER, Plaintiff and Respondent, vs. MANN and another, Defendants and Respondents: MILWAUKEE AUTOMOBILE INSURANCE COMPANY and another, Defendants and Appellants.

*October 24—November 26, 1946.*

470

*D. J. Regan* of Milwaukee, for the appellants.

For the respondent Myrtle E. Pierner there was a brief by *Alvin L. Zelonky* and *Gold & McCann,* all of Milwaukee, and oral argument by *Mr. Ray T. McCann* and *Mr. Zelonky.*

For the respondents Jack Mann and Fidelity & Casualty Company of New York there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

FOWLER, J.  The action was brought by Myrtle E. Pierner against Jack Mann, the owner and driver of an automobile, and his insurer, and against the insurer of her husband, to recover for injuries sustained by her in an automobile collision on a highway alleged to have been caused by the negligence of Mann and by that of her husband in whose automobile she was riding as a guest.

The complaint demanded judgment against Mann and the two insurers.  Mann asked that Pierner be interpleaded as a defendant, alleged negligence on his part as charged in the plaintiff's complaint as to lookout and control of his car, and cross-complained against him and his insurer for contribution.  The plaintiff amended her complaint making Pierner a defendant and demanding judgment against him as well as against his insurer and Mann and his insurer.  Trial was had to a jury.  The jury by special verdict found Mann causally negligent for not stopping at the arterial, as to lookout and as to control of his car, and not negligent as to yielding the right of way.  It found Pierner causally negligent for not yielding the right of way and as to control of his car.  Damages of $20,901 were assessed and the amount is not claimed to be excessive.  No contributory negligence of the plaintiff was proven.  Judgment was rendered against Mann for the full amount of the verdict and costs, and provisions were incorporated in the judgment for contribution between Mann and Pierner and between the insurance companies according to their respective coverages, on the assumption that the is-

sues were properly tried as to Pierner's negligence, and judgment was entered on the theory that the evidence supported the findings of negligence returned by the jury and the findings supported the judgment.

The parties in their briefs and argument submit the case to us on the assumption that the issues as to Pierner's actionable negligence were properly submitted to the jury. The verdict submitted did not, under the instructions of the court as it should do, distinguish between the duty a host owes to other users of the highway and the duty which he owes to the occupants of the car. The verdict submitted must enable the jury to determine whether the host breached his duty to his guest. *Sommerfield v. Flury,* 198 Wis. 163, 170, 223 N. W. 408. Pierner's liability to his wife and the liability of the defendants to each other for contribution depend entirely on the law applicable to the host-guest relation which this court adopted in 1926 in *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267, and which it has consistently adhered to ever since. Under that law the host owes the guest the duty not to increase the danger the guest assumes as matter of law when he enters the car and not to create a new danger. The guest must accept the honest and conscientious exercise by the host-driver of such skill as he has as to control of the automobile. This does not relieve the host from exercising what ordinary care requires under the circumstances for the safety of his guest. This includes the same degree of care as to lookout as is owed to users of the highway other than guests. *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126. It includes no higher duty to a guest than to use such skill as he has as to control of the car; and this includes exercise of judgment as an element of skill. *Roeber v. Pandl,* 200 Wis. 420, 228 N. W. 512; *Harter v. Dickman,* 209 Wis. 283, 288, 245 N. W. 157; *Knipfer v. Shaw,* 210 Wis. 617, 246 N. W. 328, 247 N. W. 320; *Monsos v. Euler,* 216 Wis. 133, 137, 256 N. W. 630; *Schwartz v. Schwartz,* 222 Wis. 401, 267 N. W. 276; *Struck v. Vetter,* 233 Wis. 540, 290 N. W. 131; *Bohren*

*v. Lautenschlager,* 239 Wis. 400, 1 N. W. (2d) 792. If the loss of control of the car by the host is not due to failure on his part to exercise such judgment as he is capable of exercising, there is no failure to perform the duty to his guest. *Harter v. Dickman, supra; Grover v. Sherman,* 214 Wis. 152, 157, 252 N. W. 680; *Bohren v. Lautenschlager, supra; Schneider v. American Indemnity Co.* 241 Wis. 568, 570, 6 N. W. (2d) 644.

The jury in the instant case found that Pierner failed to exercise ordinary care as to control of his car. Under the rule of *Poneitowcki v. Harres, supra,* as to the duty of lookout, this finding would have been sufficient if supported by the evidence to support the judgment entered, if the instructions had defined the care necessary to be exercised by Pierner as that dictated by an honest and conscientious exercise of his judgment. The guest must accept the honest and conscientious exercise of such skill in controlling his car as his host has; *Cleary v. Eckart, supra,* p. 118; *Struck v. Vetter, supra,* p. 543; and as above stated, judgment is an element of skill. The instant instruction as to Pierner's duty was defined as that which he owed to all users of the public highway, not that which he owed to a guest. In the absence of a proper instruction in this respect the verdict is insufficient to support a judgment against Pierner or for contribution and there must be a new trial as to his negligence, unless the evidence would not, under proper instruction, support a finding of negligence by him as to control of the car.

On the evidence in part not in dispute and in part conflicting the jury might properly infer as follows: Mann was driving east approaching an arterial highway. The sign was seventy-three feet west of the west line of the concrete on the crossroad. Pierner was driving north on the arterial. As Pierner's car approached the intersection the plaintiff said to Pierner that Mann was "not going to stop for the sign." The warning was given when Mann was eighteen feet west of the stop sign. The cars were then the same distance from the in-

tersection. Pierner heard the plaintiff's warning and saw Mann at all times after the warning was given. He made no move to decrease speed but went straight on and as he came nearer to Mann's line of travel he increased his speed to cross ahead of him. He was then twenty feet south of the south edge of the Good Hope road and Mann was twenty feet west of the center of the arterial. Not until then did he conclude that Mann was not going to stop. He says on cross-examination that he then had it in mind Mann was not going to stop; and he "figured" he would "beat him across." Pierner was going thirty miles per hour and Mann somewhat faster. Pierner stepped on the gas hard when he increased his speed. The approaches to the intersection were gradually widened on each road so that there was one hundred forty feet between the points on each road where the widening began as a scaled map in evidence shows. The arterial had a shoulder ten feet wide and it was ten feet from the west side of the shoulder to the edge of a ditch north of the intersection. There was no approaching traffic other than the two cars. The roads were level and dry, both were paved with concrete, the arterial for a width of eighteen and the crossroad for a width of twenty feet. It was daylight, and the visibility was good. Pierner was an experienced driver and traveled the road daily. On such facts we consider that the jury would have been warranted in finding Pierner negligent as to control of his car, under proper instruction as to his duty and as to his right in an emergency to take action that seemed to him likely to avoid collision. They might also from these facts have found that Pierner was in an emergency not caused or contributed to by his own negligence and that he acted pursuant to his honest and conscientious judgment. The question was for the jury to decide.

Contention is also made that the verdict is inconsistent and perverse and for that reason would not support a judgment. The inconsistency charged is that the jury found Pierner neg-

ligent for failing to yield the right of way and Mann not negligent in that respect. The jury found that Mann failed to stop for the arterial as required by the sign against him, and thus he was bound to yield the right of way to Pierner. It is claimed that only one of them could be guilty of failing to yield the right of way to the other. Mann was clearly guilty of not yielding the right of way in the first instance for not stopping. His failure constituted statutory negligence. If Pierner became aware that Mann was not going to stop in time to enable him by exercising ordinary care to avoid collision by stopping or reducing his speed or by turning he was guilty of common-law negligence. The situation as to "right of way," which term may be used in different senses and it was for the jury to infer in what sense it was used in the question, was not different from that when two automobiles both straddling the center of the road meet head on. Each of them is bound to get wholly on his own side of the road and thus yield the right of way to the other. We see no fatal inconsistency and no perversity in the verdict.

Contention is also made that the court erred as to Pierner in not instructing as requested in writing relating to his rights in an emergency. We have already indicated that a proper instruction in that regard must be given on the new trial. We suggest that the instruction requested by Pierner on the instant trial was faulty in the clause "was confronted with an emergency not arising through his negligence." In view of Mann's manifest fault in creating the emergency of Pierner, if one existed, the phrase "wholly or in part" should have been inserted next after the word "arising." A proper form for submission of the issue as to control of the car in a host-guest case is indicated in *Harter v. Dickman, supra,* p. 288: Did Pierner just prior to the accident fail to exercise ordinary care not to increase the danger assumed by the plaintiff when she entered the automobile, (a) in respect to lookout; (b) in respect to control of his automobile? No objection seems to

have been made that Pierner was negligent as to lookout under the evidence, and if the same situation exists on the new trial only subquestion (b) with proper instructions need be submitted on the new trial.

The findings as to Mann's negligence support the judgment against him for the damages assessed and they are fully supported by the evidence. Judgment against him for that amount and costs and his insurer for the amount of the coverage of the insurance policy should properly be entered under the rule adopted by this court in *Scharine v. Huebsch,* 203 Wis. 261, 234, 234 N. W. 358.

*By the Court.*—The judgment of the circuit court is modified to provide judgment in favor of the plaintiff against Mann for $20,901 and costs and against his insurer for the amount of its coverage; and reversed and remanded for a new trial as against defendant Pierner and his insurer and as to contribution between the defendants.