**TILLMAN v. GREAT AMERICAN IN-
DEMNITY CO. OF NEW
YORK et al.**

No. 10881.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1953.

Fred W. Genrich, Jr., Herbert Terwilliger, Wausau, Wis., for appellant.

John F. O'Melia, Donald C. O'Melia, A. J. O'Melia, Rhinelander, Wis., O'Melia & Kaye, Rhinelander, Wis., of counsel, for Tillman.

Leonard F. Schmitt, Merrill, Wis., Schmitt & Gullickson, Merrill, Wis., of counsel, for Koch.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

■ Plaintiff brought this action to recover damages for injuries she received on June 14, 1949, while riding as a guest in an automobile owned and driven by the interpleaded defendant, Albin Koch. Under Wisconsin law plaintiff could and did bring the action against the insurance company without joining the driver of the automobile as a party defendant. Secs. 85.93 and 260.11, Wis. Stats.; Elliott v. Indemnity Insurance Co. of North America, 201 Wis. 445, 230 N.W. 87.

On June 13, 1949, plaintiff and Koch drove from Minocqua to Madison, Wisconsin, where Koch had a physical checkup at the Wisconsin General Hospital. Plaintiff and Koch had made many automobile trips together on previous occasions. On June 14, plaintiff and Koch were driving northerly on U. S. Highway 51 on their return journey to Minocqua. Plaintiff drove the automobile from Madison to Endeavor, Wisconsin; Koch then took the wheel and the plaintiff sat beside him in the front seat. As Koch pulled away from the curb at Endeavor, plaintiff told him not to drive fast as it was then raining. On Highway 51 between Westfield and Coloma there is a curve in the road. When plaintiff and Koch reached that point plaintiff was reading a newspaper. Suddenly she felt an "awful burst of speed." The automobile left the highway on the curve, and tipped over, causing severe personal injuries to plaintiff. Before reaching the curve Koch had been driving at 35 to 40 miles per hour.

On his return to Minocqua after the accident, Koch notified insurance agent Lee Jossart of the accident. On June 16 Jossart presented a statement which Koch signed. In answer to a question as to how the accident happened appeared the following: "I was traveling on U. S. #51 making a right hand turn and ran into about 6″ of water on the roadway which splashed up on the windshield obscuring vision and lost control causing car to overturn." On June 20, 1949, Attorney J. A. Kruschke of Rhinelander, Wisconsin, who frequently makes investigations of automobile accidents, received notice from the insurance company of the accident involving Koch's car. Within the next day or two he attempted to interview Koch but was unsuccessful in locating him. About the middle of July Kruschke contacted Koch, but due to the latter's condition on that occasion he could not then obtain a statement from him. He finally took a statement on August 2, 1949, which contained the following: "It was raining very hard and as a truck passed me going in the opposite direction, and it splashed my windshield, and then I also hit a big puddle of water which splashed up on my windshield. As a result of this, I could not see where I was going; and I missed a sudden turn to the left and went straight off the highway. At the time I was going about 40 miles per hour. My windshield wipers were going but the sudden heavy water was too much * * *. I don't know of anything that I could have done to avoid the accident. It just seemed as though all of a sudden I was off the road. I had done no drinking."

Plaintiff was confined to a hospital at Stevens Point for several months. On June 20, 1949, Attorney Nason of that city, upon behalf of the insurance company interviewed plaintiff at the hospital. She signed a written statement which contained the following: "Some distance north of Coloma, I do not know just where, I saw another car approaching us from the north. As this car got quite close to us it went through a pool of water on this highway and threw a large quantity of water onto our windshield. The water was muddy and completely obscured the vision on both sides of the windshield."

During November, 1951, plaintiff was examined adversely before the trial, and when asked why the accident occurred she told a story that differed greatly from the statement she had previously given to Attorney Nason. Plaintiff's explanation of her first statement was that Koch had come to see her in the hospital

several days after the accident and told her that the attorney for the insurance company had said they should say that an approaching truck had splashed water on the windshield of Koch's car.

After plaintiff's adverse examination, Attorney Terwilliger, representing the insurance company, asked Koch to come to his office, which he did, and on November 13, 1951, Koch signed an affidavit which included the following statement: "That affiant states positively that there was no car that splashed water on his windshield, and his windshield was at no time obscured before the accident; that the reason why he ran off the road was that by mistake he put his foot on the accelerator rather than on the brake as he approached this curve; and that this was the sole cause of the accident; that affiant states that at no time just before the accident had he met another car; * * *."

On December 1, 1951, the attorneys for the insurance company interpleaded Koch, and as a cross-complaint against him alleged that he had violated a condition of the insurance policy requiring him to cooperate with the company, and asked for judgment that the insurance policy had been breached by Koch, and that it had no duty to defend any action against Koch, or indemnify him if plaintiff prevailed in any action against him. Thereafter Koch employed an attorney to represent him in the action.

At the trial Koch testified that he had told both the insurance agent, Jossart, and Attorney Kruschke that the reason for the accident was his mistake in putting his foot on the accelerator rather than on the brake, and that the resulting sudden burst of speed caused the car to leave the road.

The cause was submitted to a jury upon a special verdict. The jury found that Koch was negligent in respect to the speed and his control of his automobile, but was not negligent as to lookout; that such negligence was the result of Koch's failure to exercise his best judgment and skill to avoid the accident; and that such negligence was a cause of plaintiff's injuries and damages occasioned thereby. Damages were assessed at $25,000. In addition, the jury answered, "No," to this question: "Did the assured, Albin Koch, fail to cooperate with the Great American Indemnity Company of New York in connection with the claim or action brought against it by the plaintiff?" In proceedings after verdict, the court ordered that Koch recover from the insurance company the sum of $1,750 attorney fees, and disbursements of $106.13.

On this appeal the insurance company asserts (1) there is no credible evidence to sustain the jury finding that Koch did not fail to cooperate, (2) that there was no breach of duty by Koch toward plaintiff, (3) that the trial court erred in refusing the request of the insurance company that there be included in the special verdict an inquiry whether plaintiff had assumed the risk, and (4) that in any event the insurance company is not liable for attorney fees to Albin Koch.

The insurance policy issued to Koch contained a standard automobile policy condition requiring cooperation by the assured.[1] Under Wisconsin law a failure by the assured to cooperate would be a breach of the conditions of the policy which would void the policy. Hunt v. Dollar, 224 Wis. 48, 271 N.W. 405; Jenkinson v. New York Casualty Co., 241 Wis. 328, 6 N.W.2d 192. "Cooperation does mean that there shall be a fair, frank, and truthful disclosure of information reasonably demanded by the insurer for the purpose of enabling it to determine whether or not there is a genuine defense." Buckner v. General Casualty Co., 207 Wis. 303, 309, 241 N.W. 342, 344.

1. "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * *"

■ Failure to cooperate is usually found in cases were liability is claimed by one member of the family against another member of that family, and where the ultimate loss would be borne by the insured. The Wisconsin courts regard the condition requiring cooperation to be a reasonable and valid provision. In the Buckner case, supra, the court said, 207 Wis. at page 310, 241 N. W. at page 344: "It is quite apparent that, if an insurer is to prepare an adequate defense in cases of contested liability, or make a just settlement, it must have from the insured a complete and truthful statement of the facts made in a spirit of co-operation and helpfulness by the insured who is, in many cases at least, the only source of information available to the insurer."

■■ On the face of the statements originally given by Koch and the plaintiff, there would appear to be no basis for a claim of negligence against the driver of the automobile. However, the fact that the false statements may be favorable to the position of the insurance company does not prevent such statements from amounting in law to a failure to cooperate. Hunt v. Dollar, 224 Wis. 48, 53, 271 N.W. 405; Hoffman v. Labutzke, 233 Wis. 365, 374, 289 N. W. 652. However, what constitutes a lack of cooperation is usually a question for the jury. Heimbecher v. Johnson, 258 Wis. 200, 206, 45 N.W.2d 610.

In the case at bar Koch testified on the trial that in his original statement to Agent Jossart, and in his later statement to Attorney Kruschke, he definitely told each of them that the car speeded up on the curve because by mistake he pressed on the accelerator pedal instead of the brake pedal as he had intended. If such testimony was true, the inference was clear that the representatives of the insurance company omitted that damaging part of his statement from the written statement which he signed. Furthermore, Koch claimed on the trial that some of the language appearing in the written statements was not his, but was placed there by those who prepared the statements.

■ The insurance company argues that Koch's repeated contradictory statements and his testimony on the trial show that he was thoroughly unreliable, and that any testimony that he gave could not be considered as credible evidence. But it was for the jury, and not this court, to pass upon Koch's credibility. While Agent Jossart and Attorney Kruschke denied the testimony given by Koch that he had told them that accidentally placing his foot on the accelerator pedal caused the burst of speed, yet the jury were the ones to say who was telling the truth. The learned trial judge approved the answer which the jury made to the effect that Koch did cooperate. Under such circumstances we cannot interfere with the jury's findings in this respect.

■ On the contention of the insurance company that the evidence shows no breach of duty on Koch's part toward the plaintiff, we think that a jury issue was presented, and this was resolved adversely to the insurance company. It is well established law in Wisconsin that an operator of an automobile owes a guest no greater duty as to his management and control thereof than to exercise the skill and judgment which he possesses. Negligence of a host as to management and control does not constitute actionable breach of duty which he owes to his guest if the host's negligent conduct was the result of lack of skill on his part. Bohren v. Lautenschlager, 239 Wis. 400, 407, 1 N.W.2d 792. A guest has no right to demand of his host a degree of skill which the host is unable to exercise for his own protection. Cleary v. Eckart, 191 Wis. 114, 210 N. W. 267, 51 A.L.R. 576. The guest takes the driver as he or she finds him, with such skill and judgment as he possesses; but the host owes to his guest the duty not to increase the danger which the guest assumes as a matter of law when he or she enters the car, and not to create a new danger. Pierner v. Mann, 249

Wis. 469, 25 N.W.2d 83. The risks which the guest assumes do not include increased or newly created dangers. Johnsen v. Pierce, 262 Wis. 367, 373, 55 N. W.2d 394.

The insurance company emphasizes one point in Koch's testimony where he stated there was something wrong with his legs at the time of the accident; also that one doctor had told him he had Buerger's disease. There is nothing in the record as to what effect Buerger's disease might have on Koch's control of his legs, but in any event, in other portions of Koch's testimony he stated that he made a mistake in putting his foot on the accelerator instead of on the brake pedal as he had intended. It was up to the jury to reconcile the conflicts in Koch's testimony in the light of the other evidence in the case. The jury did specifically find that the negligence, which they found, was the result of Koch's failure to exercise his best judgment and skill to avoid the accident.

Counsel for the insurance company requested the court to submit a question to the jury inquiring whether plaintiff assumed the risk of any negligence on the part of Albin Koch. No specific form of question was requested. What we said about the duty that a host-driver of an automobile owes to his guest under Wisconsin law applies again. The term "assumption of risk" refers to the duty of an automobile host not to increase the hazard assumed by the guest when entering the car, and the responsibility of the guest to refuse hospitality if he knows of careless habits or fixed defects which make the host an unsafe driver. Bourestom v. Bourestom, 231 Wis. 666, 285 N.W. 426.

A special verdict, making as it does specific inquiry as to facts, is a procedural device of great practical usefulness. 25 Va.L.Rev. 261. For instance, negligence cases as well as many other types of controversies in Wisconsin are customarily submitted to the jury on a special verdict. It is a widely accepted and approved procedure. However, in the submission of a special verdict or interrogatories to accompany a general verdict, federal courts are governed by Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A., and not by the law of the State. In Cohen v. Travelers Ins. Co., 7 Cir., 134 F.2d 378, 384, we held that the submission of special interrogatories was a matter of procedure and was discretionary with the trial court. In Marcus Loew Booking Agency v. Princess Pat, 7 Cir., 141 F.2d 152, 154, we held that Rule 49(b) is permissive, not mandatory, and whether the court will submit special interrogatories is within its sound discretion. See also: Mead v. Cochran, 7 Cir., 184 F.2d 579, 582.

When the trial court utilizes the device of a special verdict, although he has wide discretion as to the form and contents of the questions, he should, especially when requested so to do, submit questions or interrogatories covering all the issues raised by the pleadings. For instance, in a host-guest case in Wisconsin, it was held to be reversible error that no question was framed to elicit a finding as to whether the defendant violated the host-guest relationship. Culver v. Webb, 244 Wis. 478, 492, 12 N.W. 2d 731. In a host-guest case arising in Wisconsin, we reversed the judgment for the same reason. Maruska v. Maruska, 7 Cir., 155 F.2d 302, 304.

In the case at bar we think that the issue as to host-guest relationship was properly submitted to the jury in Question 3, in answer to which the jury found that Koch failed to exercise his best judgment and skill to avoid the accident. The insurance company's contention that the question was not properly submitted to the jury must be overruled.

The final point urged by the insurance company is that it is not liable to Koch for attorney fees. After verdict Koch's attorney submitted to the trial court a bill for $1,750 as attorney fees, and

$106.13 as disbursements. The court held the fees to be reasonable in amount and included a provision in the judgment that Koch recover said sums from the insurance company.

■ Plaintiff and Koch were close friends. They had taken numerous long automobile trips together, and contemplated marriage. Plaintiff never sued Koch. When the insurance company became aware of the conflicting stories of plaintiff and Koch as to how the accident happened, Koch was interpleaded, to determine whether there was coverage under the policy and whether there was any duty by the insurance company to defend. Under Wisconsin law the insurance company could not bring a declaratory judgment action for such purpose. New Amsterdam Casualty Co. v. Simpson, 238 Wis. 550, 300 N.W. 367. This is because of Wisconsin's statutes which permit an injured party to sue the insurer direct, and so that all of the issues may be determined in a single action.

■ The trial court did not indicate the basis for holding the insurance company liable for attorney fees incurred by Koch. In the absence of any contractual obligation or applicable statute, the company would not be under obligation to pay his attorney fees. 15 Am. Juris., Damages, Sec. 142, p. 550. Presumably the court relied on the provision of the insurance policy which requires the insurer to "reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request."

Only two cases directly in point have been called to our attention: Standard Accident Ins. Co. of Detroit v. Hull, D. C., 91 F.Supp. 65, and Milwaukee Mechanics Ins. Co. v. Davis, 5 Cir., 198 F. 2d 441. Each of these actions was for a declaratory judgment; the insurance policy involved in each contained the clause as to reimbursement for reasonable expenses hereinbefore quoted. In the Standard case the district court held the insurance company liable for attorney fees. However, the Court of Appeals in the Milwaukee Mechanics case refused to follow the Standard case, and disallowed such fees. The court stated, 198 F.2d at page 445: "We do not think that either the insurance company or the insured could have had the intention that the insurance company could defend a suit on its policy or could file a declaratory judgment action only at the risk of being liable for attorney's fees incurred by the insured. In our opinion, the attorney's fees incurred by the insured in a declaratory judgment action were not recoverable from the insurance company."

In this case the action taken by the insurance company was not arbitrary or capricious. From its investigation it had good reason to believe that Koch was not cooperating as required by the policy. Under Wisconsin law it could not bring a separate action for declaratory relief. However, it did rigorously defend the action for damages which the plaintiff brought against it. We think the cases relied upon by Koch are not applicable, because in each the insurance company refused to defend the action for damages which had been commenced. We hold the district court erred in ruling the insurance company was liable for Koch's attorney fees and disbursements.

That part of the judgment awarding damages to plaintiff against the insurance company is affirmed; that part thereof allowing recovery by Koch for attorney fees and disbursements is reversed.