AMECHE, by Guardian *ad litem,* Respondent, vs. AMECHE and another, Appellants.

*October 12—November 8, 1955.*

172

For the appellants there was a brief by *Fred D. Hartley,* attorney, and *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of counsel, all of Kenosha, and oral argument by *Fred D. Hartley.*

For the respondent there was a brief by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond.*

BROADFOOT, J.  Upon appeal the defendants contend that a host owes to a guest only the duty to exercise the skill and judgment which he possesses in the management of his car; that the burden of proof is on the plaintiff to establish that the host failed to exercise the skill and judgment he possessed in the management and control of his car; that the

rule of *res ipsa loquitur* does not apply in a host-guest case, and that unless said doctrine is applied there is insufficient evidence in the record to sustain the jury's answers in the special verdict.

There is apparently some misapprehension as to the extent of the duty owed to a guest by the host. Perhaps this court is in part responsible for this misunderstanding. In some of our decisions the rule has been somewhat abbreviated because we have felt that it was well understood. This rule was stated in the case of *Poneitowcki v. Harres,* 200 Wis. 504, 511, 228 N. W. 126, as follows:

"While the guest cannot demand of the host a higher degree of skill and experience than he actually possesses, *in the management and control of the automobile* under special and peculiar circumstances, even though they do not amount to emergencies, nevertheless there are certain duties imposed upon the drivers of automobiles, the abilities to perform which do not depend upon experience or acquired skill. Among these is the duty to maintain a reasonable speed, obey the law of the road, keep a proper lookout, etc. There are duties which are required to be observed for the safety of every one,—those within as well as those without the automobile,—and failure to perform them may result in liability in the absence of acquiescence or contributory negligence on the part of the guest. *The driver of an automobile who maintains an excessive or reckless speed, who fails to maintain a lookout or to observe the laws of the road, plainly increases the dangers which the guest assumed upon entering the automobile and adds new ones, and there manifestly is no difference between the degree of care he is required to use in these respects for the safety of his guests and for the safety of other persons.* [Emphasis supplied.]

"When the jury found, therefore, that appellant operated his car at an excessive rate of speed and failed to maintain a proper lookout, it amounted to a finding that he failed to exercise the care which the law imposes upon him with reference to his guests. These findings are sufficient to sustain the judgment in favor of the respondent, leaving out of consider-

ation the finding that he did not have his automobile under control, which question must be considered in the light of his skill and experience. Under the circumstances we do not think the manifestly improper and inadequate form of the verdict amounted to prejudicial error."

This is the rule that has been consistently followed by this court since that time. The same general rule is cited in 60 C. J. S., Motor Vehicles, p. 1022, sec. 402, as follows:

"Some authorities hold that a motorist owes no duty to his guest to exercise a degree of skill and judgment that he does not possess; hence if an accident results from lack of skill or judgment, rather than from inadvertence, the operator is not liable if he has conscientiously exercised whatever skill and judgment he possesses, even though the inadequacy of his skill and judgment under the circumstances would constitute negligence by ordinary standards and subject him to liability to persons other than occupants of the car. This rule, however, will not absolve the operator from liability for injuries resulting not from his lack of skill or judgment in the management of the car but from his failure to use due care in other matters in respect of which he owes the same duty of care to occupants of the car as to others, as, for example, in the matter of maintaining a proper lookout and a reasonable speed."

The footnotes to this section include the citation of many Wisconsin cases.

The form of verdict was correct in so far as it inquired as to the control of his automobile by the defendant but the inquiry with respect to speed should have been submitted in the same manner as though the host-guest relationship did not exist. The defendants do not complain as to the form of the verdict, and upon the record before us we do not feel that they were prejudiced thereby. The record is clear and undisputed that the weather was bad and driving conditions were such that the defendant failed to use ordinary care in driving at a speed of 50 to 55 miles per hour in attempting to pass another

car, particularly in view of the fact that the passing was made at the top of an incline. The car skidded and the defendant Alan Ameche lost control thereof because of his excessive speed in view of all of the circumstances. There is no dispute in the evidence and from the record it is clear that the defendant Ameche was causally negligent as to speed because of the circumstances then prevailing.

No request was made by the defendants to submit to the jury the issue of assumption of risk because of acquiescence by the plaintiff to the excessive speed. That issue is not before us, but the evidence would not have sustained a finding of assumption of risk under the circumstances presented.

Since the driver was causally negligent with respect to speed as a matter of law, that supports the judgment. No resort to the doctrine of *res ipsa loquitur* is required on the issue of speed. Therefore no discussion of that argument is necessary.

*By the Court.*—Judgment affirmed.