HUNTLEY, Plaintiff, v. DONLEVY and others, Defendants and Appellants: OLSON and another, Defendants: BERMAN and another, Defendants and Respondents.

*April 2—May 1, 1962.*

413

For the appellants there was a brief by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *John C. Whitney.*

For the respondents there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Fred N. Trowbridge.*

BROWN, J. Assuming for the purpose of this discussion the hazardous road and weather conditions were substantial causes of the accident and that these conditions were well known to the plaintiff and were voluntarily accepted by him, even when the doctrine of assumption of risk prevailed other factors intrude themselves. Until this court's decision in *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. (2d) 374, 113 N. W. (2d) 14, the rule was that the host owes the guest the duty not to increase the danger which the guest assumes as a matter of law and not to create a new danger. *Pierner v. Mann* (1946), 249 Wis. 469, 472, 25 N. W. (2d) 83. At least Berman's failure to observe the lights on Donlevy's truck which others saw and Berman's failure to blow his horn before passing, required by sec. 346.07 (1), Stats., would present a jury question of negligence and causation and a possible creation of a new danger, the risk of which Huntley did not assume in continuing the journey.

Recently, however, we reduced the status of assumption of risk to the status of an element of contributory negligence. The instrument of the change was *McConville v. State Farm Mut. Automobile Ins. Co., supra.* We quote from that case

at considerable length. This court adopted the following rules in that case (p. 378):

"(1) The driver of an automobile owes his guest the same duty of ordinary care that he owes to others; (2) a guest's assumption of risk, heretofore implied from his willingness to proceed in the face of a known hazard is no longer a defense separate from contributory negligence; (3) if a guest's exposure of himself to a particular hazard be unreasonable and a failure to exercise ordinary care for his own safety, such conduct is negligence, and is subject to the comparative-negligence statute."

The court also made the following policy statement (p. 383):

"In view of the seriousness of many injuries, and the burdens falling upon the community as well as the individuals and families affected, it is doubtful whether the type of consent or acquiescence to danger, heretofore called assumption of risk, should be permitted to cut off completely the right to recover damages. It seems to us that the standard of care owed by the host to the automobile guest should be the same duty of ordinary care as is owed by any driver to other members of the community."

And at page 384:

"Conduct which has heretofore been denominated assumption of risk may constitute contributory negligence as well. The unreasonable assumption of risk constitutes negligence. In the present case the jury should have been asked whether McConville was negligent for his own safety in riding with Mrs. Licht."

In the case at bar there was evidence which would sustain a finding of negligent conduct on the part of Berman, the driver, separate from any negligence of plaintiff's own in proceeding under the existing conditions, and such causal negligences as may be found are not necessarily equal between

Huntley and Berman, nor that causal negligence of Huntley exceeds that of Berman as a matter of law.

The learned court which conducted the trial granted the judgment from which the appeal is taken before the *McConville* decision had been announced, but when the appeal reached this court a new day had dawned, the separate defense of assumption of risk has been discarded and contributory negligence has filled the resulting vacuum. Since then host-guest cases such as the one before us must be decided in the light of the *McConville* opinion.

Therefore, on the facts as they appear in the present case, the trier of the fact must compare the causal negligence of host, guest, and other negligent parties. It was error to grant Berman a directed verdict absolving him of liability.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings not inconsistent with the opinion.